## PECK v. SEXTON & SON.

1. **Tax Deed**: ADVERSE POSSESSION: LIMITATIONS. The purchaser of land at tax sale cannot maintain an action for its recovery after five years have elapsed from the date of recording the tax deed, if the owner has been in open, adverse possession during that period.

2. **Title**: ACTION TO QUIET: EQUITABLE JURISDICTION. It is competent for the owner in possession of real estate to ask a court of equity to quiet his title by removing a cloud thereon.

3. **Tax Deed**: STATUTE OF LIMITATIONS. So long as the owner remains in possession, his action to remove the cloud cast by a tax deed is not barred by the statute of limitations.

*Appeal from Warren District Court.*

TUESDAY, OCTOBER 26.

THIS is an action to set aside a tax deed and to quiet plaintiff's title to certain lands. The undisputed facts are as follows:

One James Laverty entered the land in 1848, and in 1850

he conveyed it to the plaintiff, who is now, and for more than twenty years has been, in the open possession thereof. The plaintiff introduced tax receipts showing the payment of taxes on said land from the year 1852 to the year 1874, both inclusive, with the exception of the years 1860, 1861 and 1862. Plaintiff also introduced tax receipts for the last named three years, describing the north*west* quarter of the northeast quarter,—the land in controversy being the north*east* quarter of the northeast quarter. The defendants claim title to the lands under a sale for the taxes of 1860, 1861 and .1862.

The treasurer's deed bears date January 2, and was filed for record and recorded January 4, 1867. The defendants reside in New York, and have never resided in this state.

This action was commenced July 23, 1874. The petition, amongst other things, alleges: "That at the date of said tax deed, and the recording thereof, the plaintiff was in the open and adverse possession of the said land, and has continued in the hostile and actual possession thereof until the present time. That the defendants have never disturbed or disputed his possession to the same. That the plaintiff has regularly paid the taxes thereon, and has at all times exercised the possession and ownership thereof. That said tax deed is now .more than seven years old. That defendants have asserted no .claim to the land thereunder, nor attempted to obtain the possession thereof, and whatever interest they may have had therein is now barred by the statute of limitations."

The court decreed that the tax deed be set aside, and that plaintiff's title be quieted. Defendants appeal.

*Bryan, Maxwell & Seevers*, for appellants.

*Henderson & Berry*, for appellee.

DAY, J.—Section 902 of the Code of 1873 provides that "no action for the recovery of real property sold for the non-payment of taxes shall lie, unless the same be brought within five years after the treasurer's deed is executed and recorded."

This is substantially the same as section 790 of the Revision, construed in *Brown & Sully v. Painter*, 38 Iowa, 456, which

**1. TAX DEED: adverse possession: limitations.** case holds that where the original owner of the land remains in the open, actual, adverse possession of the land for the period of five years after recording the tax deed, this section bars the action of the purchaser for the recovery of the land.

In this case the plaintiff has been in the open, actual, adverse possession of the land for more than twenty years, and seven and one-half years had elapsed at the time of the commencement of the action since the recording of the tax deed. The deed, therefore, whilst it may create a cloud upon plaintiff's title, confers no rights upon defendants which can be made the basis of a legal action. The defendants are out of possession, and their right of action for the recovery of possession is barred by the statute of limitations. Yet an abstract of title would show that the lands had been sold for taxes and a deed had been made to defendants. The facts to defeat the validity of this deed, to-wit, the continued possession of plaintiff, rest in parol.

Any abstract of title exhibited by plaintiff would necessarily be defective. To remove this defect, and the cloud exist-

**2. TITLE: action to quiet: equitable jurisdiction.** ing upon his title, he may resort to an action in equity. *Standish v. Dow*, 21 Iowa, 363, and authorities cited; *Crook v. Andrews*, 40 N. Y., 547; *Newell v. Wheeler*, 48 N. Y., 486.

Appellants claim that this action is itself barred by the same statute which bars defendants' right of action under

**3. TAX DEED: statute of limitations.** the deed. The statute reads: "No action for the recovery of real property sold for the non-payment of taxes shall lie."

The plaintiff is the original owner and has always been in possession. A tax deed upon which defendants can maintain no action, which is unavailing for any purpose except to cast a cloud upon the title of plaintiff, is outstanding in defendants. To remove this cloud, so that plaintiff's title may appear of record clear and complete, is the only object sought by the action. So long as plaintiff remains in possession of

the premises, and the tax title is outstanding as a cloud upon his title, the statute of limitations cannot bar his action for a removal of the cloud thus created. We are of opinion that the action is maintainable, and that the court did not err in granting the plaintiff the relief sought.

AFFIRMED.