## Monk v. Corbin.

1. .**Public Records**: EVIDENCE OF: CERTIFIED COPY: PAROL PROOF. A public record which is in existence can be proved only by the production of the original, or by a copy duly certified by the officer who is the lawful custodian of the original record; and a party who introduces in evidence a certified copy of a record cannot prove, by parol, that such copy is incorrect in any particular.

2. **Tax Deed**: STATUTE OF LIMITATIONS: POSSESSION. The fact, that the tax deed was executed and recorded more than five years prior to the commencement of the suit, will not bar the introduction of the deed in evidence, unless the party setting up the bar also shows that the owner of the land was in possession when the five years expired.

3. ———: ———: SALE FOR GROSS SUM. The fact, that a tax deed shows upon its face that several tracts of land were sold for a gross sum, will not render the tax title invalid after the expiration of five years from the date of the sale.

*Appeal from Sioux Circuit Court.*

THURSDAY, APRIL 8.

THE plaintiff alleges that he is the absolute owner of four hundred acres of land in section 35, township 96, range 46, and that the defendant wrongfully keeps the plaintiff out of the possession thereof. This action is brought to recover the possession of said premises, and was commenced on the 23d day of December, 1879. The defendant alleges that he is the actual owner of the premises, and that he has been in possession since June 5th, 1876. The defendant further alleges. that plaintiff's claim of title is based upon a tax deed executed in 1864, on a sale for the alleged taxes of 1858 and 1859; that said deed is void because there was no assessment nor levy for the years 1858 and 1859, and the deed shows on its face a conveyance of the lands in controversy with other lands for a gross sum. The defendant further alleges that the plaintiff's cause of action is barred by section 902 of the Code. The cause was tried to the court and judgment was entered for the plaintiff. The defendant appeals.

*J. J. Bell* and *Argo & Kelly*, for appellant.

*Amos & Townsend*, for appellee.

DAY, J.—I.   It is conceded that the lands in controversy are situated in Sioux county.   The defendant introduced the county Auditor of Sioux county, who testified that he had examined the records in his office, and did not find any assessment as having been made of the land in controversy for the years 1858 or 1859, nor any record of any levy of taxes for those years.   The plaintiff thereupon introduced a certificate of John L. Campbell, county judge of the county of Woodbury, of the partial proceedings of that court on the 10th day of January, 1859, showing the appointment of Herman D. Clark assessor of the unorganized counties of Sioux and O'Brien, attached to the county of Woodbury for judicial and revenue purposes.   The plaintiff also introduced a certified copy made by M. L. Sloan, auditor of Woodbury county, and certified by him to be correct, of what purports to be a portion of the assessment made by Herman D. Clark of property in Sioux county for the year 1859.   This copy shows an assessment of twelve fortys in section 35, township 89, range 46.   It is conceded that township 89 is in Woodbury and not in Sioux county. The plaintiff then introduced Frank Amos, who testified as follows:   "I read from the book to the deputy auditor who copied this copy for me.   This is the assessment just as it stands here, with the exception of the township, which I read to him, township 96, because it was 96 on the books, and I see it written here, 89.   The statement of the description of the land is all right, but the township should be 96, instead of 89.   I read it to him 96, but he put it down 89."   The defendant objected to this testimony and moved that it be excluded.   The objection and motion were overruled.   This action of the court the defendant assigns as error.

A public record which is in existence, can be proved only by the production of the original, or by a certified copy made

*Margin note: 1. PUBLIC RECORDS: evidence of: certified copy: parol proof.*

by the officer who is its proper custodian. The contents of a record can be proved by parol only when it is shown to be lost or destroyed. In this case the plaintiff sought to prove the record by a certified copy. But he introduced parol testimony that the certified copy was incorrect, and really showed the contents of the record, so far as the township was concerned, by parol evidence. He might just as well have ignored the certificate altogether and proved the contents of the record by parol testimony. In the admission of the evidence in question, it is clear to us that the court erred. Upon discovering the mistake in the certificate, the plaintiff might have procured a continuance or taken a nonsuit.

II. The deed under which the plaintiff claims, was executed in May, 1864. This action was commenced in December, 1879. The defendant objected to the introduction of this deed upon the ground that it shows upon its face that it was executed and recorded more than five years prior to the commencement of this suit. The overruling of this objection is assigned as error.

2. TAX DEED : statute of limitations : possession.

The fact that the deed was executed and recorded more than five years before the commencement of the action, does not constitute a valid objection to the introduction of the deed in evidence. Whether the plaintiff could recover possession under such a deed, depends upon whether or not the owner of the patent title was in possession at the date of the expiration of five years from the execution of the deed. See *Moingona Coal Co. v. Blair*, 51 Iowa, 447; *Lewis v. Soule*, 52 Id., 11; *Goslee v. Tearney*, 52 Id., 455; *Bullis v. Marsh*, 56 Id., 747. In *Goslee v. Tearney*, *supra*, it, was held that it is incumbent upon the party who sets up the bar of five years against a tax title to show not only that five years elapsed from the time of completed sale before the tax title owner took possession or brought an action to recover possession, but also that some one of the original owners was in possession when the five years expired. The defendant in

this case does not claim that he took possession before June 5th, 1876, which was twelve years after the deed was executed and recorded. The defendant has not proved that any of the original owners of the land was in possession when the five years expired. Hence, the defendant has failed to show facts sufficient to defeat the plaintiff's recovery under his tax deed.

III. The defendant also objected to the introduction of the deed, for the reason that it includes twelve separate forty acre tracts for a gross sum. It has been held by this court that no objection to the validity of a tax title can be made on the ground that the deed shows upon its face that several tracts of land were sold for a gross sum after the expiration of five years from the time of the sale. *Thomas v. Stickle*, 32 Iowa, 71; *Douglass v. Tullock*, 34 Id., 262; *Bullis v. Marsh*, 56 Id., 747.

3. ——: ——: sale for gross sum.

For the error considered in the first branch of the opinion, the judgment is

REVERSED.