## BRETT v. FARR.

1. **Tax Sale and Deed:** TIMBER LAND: FACTS CONSTITUTING POSSESSION: STATUTE OF LIMITATIONS. Where the land in question was timber land, uninclosed, and used for no other purpose than to supply wood, rails and other timber, and the defendant, who had the patent title, so used it up to the time when the tax title vested in plaintiff, and continued so to use it thereafter for a time exceeding the period prescribed by the statute of limitations, *held* that the tax title was barred, (following *Ellsworth v. Low*, 62 Iowa, 178, and *Griffith's Ex'r v. Carter*, 64 Id., 193,) notwithstanding the exercise by plaintiff during that time of certain acts of ownership (see opinion) which, however, did not amount to an ouster of defendant.

*Appeal from Black Hawk Circuit Court.*

WEDNESDAY, JULY 22.

ACTION in chancery to quiet the title of certain land, and to restrain defendant from committing trespass thereon by cutting and removing wood and timber. There was a decree in the court below dismissing plaintiff's petition, from which he appeals.

*Gibson & Dawson*, for appellant.

*E. Kinnie* and *H. Boies*, for appellee.

BECK, CH. J.—I. The plaintiff holds a tax title to the land involved in this action. The defendant holds the title under a patent from the government. There is no question made as to the validity of the tax title, defendant resting his only defense upon the statute of limitations, alleging that he has held such an adverse possession of the land as will bar plaintiff's right to maintain an action therefor. The question of possession is the only one in the case. The land in controversy is "timber," and is not inclosed, and has never been used for any other purpose than to supply wood, rails and other timber. It was so used by defendant up to the time the tax title vested in plaintiff. Upon such possession

the bar of the statute may be pleaded and maintained. *Griffith's Ex'r v. Carter*, 64 Iowa, 193; *Ellsworth v. Low*, 62 Id., 178. That defendant, when the tax deed was executed, held possession of the land of the character which would support the bar of the statute, cannot be doubted. Since that time there has been no change in the character and nature of his possession. He has all the time obtained wood from it, just as he did before the tax deed was executed. He must be regarded as having been in possession of the land continuously from a time prior to the execution of the tax deed up to the commencement of this action. But plaintiff proves that he took wood off the land; that he had it surveyed, paid the taxes, and more than once forbade the defendant from taking wood from it. He also introduces evidence tending to show that defendant agreed that if plaintiff would not institute proceedings against him for taking the wood he would quit-claim the land to plaintiff. But this evidence is contradicted. But, should we regard as proved these various claims of plaintiff, it does not follow that defendant was dispossessed of the land. None of these acts of plaintiff would operate to oust defendant of the possession which he held adversely to plaintiff's title.

In regard to the payment of taxes, it is proper to say that defendant testifies that he always gave in the land to the assessor; that in some way the assessment would be changed; and that when he would go to pay his taxes he always found that they had been paid. It is probable that plaintiff sought by the payment of taxes to strengthen his claim to the land. But, be this as it may, it is certain that defendant all the time was in possession of the land, claiming adversely to plaintiff. The diligence in the payment of taxes on the part of plaintiff did not affect defendant's possession. Defendant, as shown by the evidence, having been in the adverse and continuous possession of the land for a time exceeding the period prescribed by the statute of limitations, the action is barred. The decree of the circuit court is

AFFIRMED.