TRULOCK V. BENTLEY ET AL.

1. **Tax Sale and Deed**: DEFECTIVE PROOF OF SERVICE OF NOTICE TO REDEEM: PROOF AND DEED NOT VOID: STATUTE OF LIMITATIONS. Where notice of the expiration of the time of redemption from a tax sale was duly given, but the proof of the service of the notice, though made by the proper party, was defective only in not stating some of the facts required by the statute, *held* that the proof of service and the deed issued thereon were not void, but were sufficient, after the lapse of five years, to enable the holder of the deed successfully to plead the statute of limitations (Code, § 902) against the holder of the patent title in an action to recover the land.

REED and ADAMS J. J., *dissenting*.

*Appeal from Ringgold Circuit Court.*

MONDAY, DECEMBER 14.

ACTION TO RECOVER LANDS. After the answer of the defendants was filed, pleading equitable defenses, and praying that their title to the land be quieted, the cause was transferred to the chancery docket, and, upon a trial on the merits, a decree was rendered granting the relief prayed for by defendants. Plaintiff appeals.

*J. W. Brockett*, for appellant.

*Henry & Spence*, for appellees.

BECK, CH. J.—I. The action involves the validity of a tax deed, and the rights of defendant to plead the statute of limitations (Code, § 902) to the action. The plaintiff claims and shows title by a regular chain of conveyances from the patentee. The defendants' title is based upon a tax sale and deed made after plaintiff had acquired the patent title.

II. Plaintiff insists that the tax title is invalid, for the reason that the record fails to show sufficient proof, required

by the statute, of the service of notice of the expiration of the time for redemption prescribed by Code, § 894. The defendants insist that the notice, and the proofs of service thereof, are sufficient; but, if this be not so, that the action is barred by Code, § 902, which provides that "no action for the recovery of real property, sold for non-payment of taxes, shall lie, unless the same be brought within five years after the treasurer's deed is executed and recorded" as provided by the statute.

III.  It may be conceded, for the purpose of the case, that the proof of the service of notice is not in accord with the requirements of the statute, as construed by this court. But there was an attempt to comply with the statute, by the presentation of the affidavit of a publisher of the newspaper wherein the notice was printed, and a supplemental affidavit of the agent of the holder of the tax-sale certificate, which, however, is deficient in not showing the manner and time of the publication of the notice, and other matters.

IV.  The question before us for determination is this: When there has been a notice of the expiration of the time for redemption published, but the proof of publication does not conform to the requirements of the statute, may the holder of the tax title invoke the limitation prescribed by Code, § 902? It may be conceded, for the purpose of the case, that if there were no notice of redemption published, or no proof of publication made, the bar of this statute could not be pleaded.  And it may also be admitted, in the same manner, that if publication and proof thereof are made in such manner that they will be regarded by the law as void, as having no effect in law and no existence, the limitation could not be invoked.  We think that the proof in question in this case cannot be regarded as void in this sense of the word.  The proof of the holder of the certificate was made by the person authorized by law, and it is defective only in that it does not state facts required by the statute.  Here was an act attempted by a person duly authorized to perform it.  The

performance was defective, but capable of being helped or cured by amendment. There was no want of authority or power of the holder of the certificate to make the proof. He simply exercised his power and authority in a defective manner. This act, therefore, cannot be regarded as void in the sense in which the word is used when applied to acts done without authority. It was an act defectively done. It was regarded as sufficient by the treasurer. Nor can it be said that the tax deed is void in the same sense. We think the law will never regard acts defectively done, in the exercise of lawful authority, as void in such sense. When authority exists to do the act, its defective performance may deprive it of effect, but it will not be regarded as never having been done. And when its defects are cured by amendment, or by the lapse of time, the law will protect rights based thereon. It must be remembered that the defect complained of consists, not of a jurisdictional act omitted or defectively done, but of defective proof of such act. It is not the case of omission of service of notice, or defective service, but simply of defective proof of service. The record shows that a service was given as required by law. The defect is not the want of an essential jurisdictional act, but consists of informal proof of such an act. Surely time and the statute of limitations ought to afford the means of curing such a defect. The object of the statute of limitations above referred to was doubtless to protect the rights of parties against errors and irregularities of this character. If it may be invoked only when they do not exist, it would add nothing to the security of titles based upon tax deeds; for if there should be no irregularity or error, there would be no need of the statute, and if it does not protect the title holder against them, then it is a vain thing. These views are not in conflict with prior rulings of this court. See *Adams v. Griffin*, 66 Iowa, 125. The decree of the circuit court is in accord with these views. It is therefore

AFFIRMED.

REED, J., *dissenting.*—It appears to me that the conclusion reached by the majority is illogical and unreasonable. The notice to redeem from the tax sale embraced more than twenty-five tracts of lands, and was directed to the same number of persons. We held, in *White v. Smith*, 25 N. W. Rep., 115,[*] that such a notice was insufficient, and that the right of redemption was not extinguished by a deed based thereon. The service of the notice was proven by the affidavit of the publisher of the newspaper in which it was published. It was held in *American Missionary Ass'n v. Smith*, 59 Iowa, 704, that such proof was insufficient, and that the right of redemption from the tax sale was not cut off by it. There exist two grounds, then, upon which it has been held by this court that there was a total want of power in the treasurer to execute the deed. But the holding of the majority is that, notwithstanding the fact that the deed was executed without right or authority, and notwithstanding the further fact that plaintiff's right of redemption has never been extinguished, his right of action is barred. This conclusion seems to me to be unsound. The statute should be liberally construed, and the limitation created by it should be held to apply as against all merely technical irregularities in the proceeding. But until a deed has been executed, under an actual power to execute it, I think it impossible that the period of limitation should begin to run. In my opinion the judgment ought to be

REVERSED.

ADAMS, J., concurs in this dissent.

[*]Opinion reserved on rehearing, and hence not yet published in official reports.—REPORTER.