GROVE v. BENEDICT ET AL.

1. **Tax Deed:** INVALIDITY: WANT OF NECESSARY NOTICE MUST BE SHOWN.  It is not sufficient, in a petition assailing the validity of a tax deed, merely to allege that no notice of the expiration of the time for redemption was given; but it must also be alleged that there was some person who was entitled to such notice at the time when it ought to have been given,—under the doctrine of *Fuller v. Armstrong*, 53 Iowa, 683, and subsequent cases cited.   The petition in this case, accordingly, *held* bad on demurrer.

*Appeal from Shelby District Court.*

TUESDAY, JUNE 22.

THE plaintiff avers in her petition that she is the holder of the patent title to a tract of land in Shelby county; that the same was sold at tax sale in 1872; and that in 1876 a tax deed was executed to the purchaser, and recorded, and that the defendants claim to hold under such deed.   She further avers that no notice of the expiration of redemption was given, and that the tax deed, for that reason, was void; and she asks

to be allowed to redeem from the tax sale. The defendants demurred to the petition, upon the ground that the facts stated do not entitle the plaintiff to the relief demanded. The court overruled the demurrer. The defendants Fannie Wheeler and W. H. Keairnes appeal from the order overruling the demurrer.

*Alden K. Riley,* for appellants.

*J. E. Weaver,* for appellee.

ADAMS, CH. J.—The presumption is that the tax deed is valid. *Fuller v. Armstrong,* 53 Iowa, 683; *Tuttle v. Griffin,* 64 Id., 455; *Meredith v. Phelps,* 65 Id., 118. It was incumbent upon the plaintiff to show affirmatively, by her petition, such facts as rendered the tax deed invalid. It was not sufficient to show that no notice of the expiration of redemption was given, but she should have further shown that there was some person who was entitled to notice. She claims that the petition does show that notice should have been given to Joseph A. Grove, as the person in whose name the land was taxed. But it appears to us otherwise. She averred, it is true, that the land was taxed in the name of Joseph A. Grove for the years 1871 and 1872. She also made an averment in these words: " No notice of the expiration of the right of redemption of said land from tax sale was served upon Joseph A. Grove, the name in which said land was taxed." To sustain the plaintiff in her reliance upon the fact that notice was not given to the person in whose name the land was taxed, she should have averred that the land was taxed in the name of some one in 1876, the time when the three years expired and the deed was executed. She claims, to be sure, that she did so show. She relies upon the averment which we have quoted above *verbatim.* But that averment is to be taken with the averment that the land was taxed in Joseph A. Groves's name in 1871 and 1872. The fact that she specifically mentioned those years, and no

others, shows that she regarded that as a material time, and her later averment must be construed as made with that understanding. Her position, then, that the deed is invalid for want of notice to a person entitled to notice, cannot be sustained.

It may be added that under the rule as held in *Trulock v. Bentley*, 67 Iowa, 602, by a majority of the court, the plaintiff's cause of action would appear, from her petition, to be barred by the statute of limitations.

We think that the demurrer should have been sustained.

REVERSED.