## RICE v. HADDOCK.

1. **Tax Sale and Deed**: PROOF OF NOTICE TO REDEEM: CLERICAL
   ERROR.   Where the affidavit of the publication of notice to redeem from
   a tax sale named the person to whom the notice was addressed as G. B.,
   but the person to whom it was in fact properly addressed, as appeared
   from a copy of the notice attached to the affidavit, was P. B., *held* that
   it was sufficient as against P. B.

2. ————: LAND UNOCCUPIED: CONSTRUCTIVE POSSESSION.   The holder of
   a tax deed to unoccupied land has constructive possession thereof.
   (*Moingona Coal Co. v. Blair*, 51 Iowa, 447, followed.)

3. ————: DEFECTIVE PROOF OF NOTICE: STATUTE OF LIMITATIONS.   One
   who has for five years had constructive possession of unoccupied land
   under a tax deed based on a good notice to redeem, but on defective
   proof of service thereof, may successfully plead the statute of limita-
   tions, (Code, § 902,) as a defense to an action assailing his title on the
   ground of such defect.  (*Trulock v. Bently*, 67 Iowa, 602, and other
   cited cases, followed.)

*Appeal from Adair Circuit Court.*

TUESDAY, DECEMBER 14.

ACTION in equity by plaintiff to quiet title to certain real
estate against certain tax deeds, and to secure redemption

from a tax sale on which the deeds were based. Defendant seeks to quiet title in himself. Decree for plaintiff. Defendant appeals.

*G. B. Haddock*, for appellant.

*Gow & Hager*, for appellee.

ROTHROCK, J.—The plaintiff claims title by quitclaim deed from P. Barrett, the original patentee from the United States, the consideration for the quitclaim being named at $20. The defendant claims title under a tax deed to him dated December 24, 1878, based on sale of November, 1875, for tax of 1874, and a second tax deed dated February 26, 1883, based on the same sale. It appears that P. Barrett, in whose name the land was taxed, was a non-resident of this state; but it is claimed by the plaintiff that the tax deed was void for the reason that the proof of publication of the notice required by Code, § 894, was made by the publisher of the newspaper, instead of the holder of the certificate. A second affidavit was filed November 27, 1882, signed by J. M. Haddock, agent for W. J. Haddock, and, at the expiration of the statutory time, another deed was made. But plaintiff claims that this proof was not sufficient, because the affidavit recites the name as G. Barrett instead of P. Barrett. This affidavit, however, refers to the notice " attached," and which was the notice served by publication. In this notice the name of P. Barrett is inserted correctly, and, being a part of the same showing, it corrects the clerical error in the affidavit. This being true, defendant was entitled to a correct deed from the treasurer.

The holder of a tax deed to unoccupied land is presumed to have constructive possession thereof. *Moingona Coal Co. v. Blair*, 51 Iowa, 447. Following that case, and the case of *Adams v. Griffin*, 64 Iowa, 125, and that of *Trulock v. Bentley*, 67 Id., 602, we must hold that the plaintiff's action in this case is barred by the statute of limitations. Section 902, Code.

In *Trulock v. Bentley* this court used the following language: "It must be remembered that the defect complained of consists not of a jurisdictional act omitted or defectively done, but of defective proof of such act. It is not the case of omission of service of notice, or defective service, but simply of defective proof of service. The record shows that a service was given as required by law. The defect is not the want of an essential jurisdictional act, but consists of informal proof of such act. Surely, time and the statute of limitations ought to afford the means of curing such a defect." The same considerations apply, as well to this case.

The plaintiff seeks to avoid the effect of the foregoing authorities by claiming that this is an action to enforce a right of redemption, and not an action "for the recovery of real property sold for taxes." But this does not change the situation, for, if the deed stands, it cuts off the right of redemption.

We think the plaintiff should not recover, and the decree of the circuit is therefore

REVERSED.