BOLIN v. FRANCIS ET AL.

1. **Tax Sale and Deed:** DEFECTIVE PROOF OF SERVICE OF NOTICE TO REDEEM: ACTION TO REDEEM: STATUTE OF LIMITATIONS. Where notice of the expiration of the time for redemption from a tax sale was duly given by publication, but the proof of such service was made, not by the affidavit of the holder of the certificate, or of his agent, as the law requires, but by the publisher of the newspaper in which it was published, *held* that the deed issued upon such insufficient proof was not void, even though it recited how the proof was made, but that it was sufficient, after the lapse of five years, to enable the holder successfully to plead the statute of limitations (Code, § 902) against the holder of the patent title in an action to redeem the land. (*Trulock v. Bentley*, 67 Iowa, 602, followed in principle.)

*Appeal from Ringgold District Court.*

FRIDAY, OCTOBER 14.

ACTION to redeem from tax sale. The court dismissed the plaintiff's petition, and he appeals.

*J. W. Brockett* and *Laughlin & Campbell*, for appellant.

*Henry & Spence*, for appellee.

ADAMS, CH. J.—The plaintiff bases his right to redeem from the tax sale upon the ground that no proper proof of

the service of the expiration notice was filed with the treasurer. The defendant, while denying that such proof was not filed, pleaded that more than five years had elapsed from the execution and recording of the tax deed before this action was commenced. It is not denied by the plaintiff that such time had elapsed; but his position is that the limitation of five years does not apply to this case. The statute in question is section 902 of the Code, and is as follows: " No action for the recovery of real property sold for the nonpayment of taxes shall lie, unless the same be brought within five years after the treasurer's deed is executed and recorded."

In *Trulock v. Bentley*, 67 Iowa, 602, the statute was held to apply to a case where the deed was executed without authority, by reason of the fact that due proof of service of the expiration notice had not been filed. While the case at bar is not an action for the recovery of real property, as in that case, yet the defendants are in possession, and the case is presented to us upon the theory that the statute is applicable, unless the deed was executed under such circumstances that we should be justified in considering it as entirely void, and, though recorded, as insufficient to cause the statute to commence to run. Due proof of service of notice not having been filed, it must be conceded that the deed was executed without authority, and a minority of the court thought, in *Trulock v. Bentley*, above cited, that such deed, though recorded, could not be regarded as sufficient to cause the statute to commence to run. The majority thought otherwise, and the principal question now presented is as to whether the case at bar falls within the rule in that case.

The plaintiff contends that this case is different, in that he shows that the tax deed which he assails appears upon its face to have been executed without due proof of service of notice having been filed. The showing relied upon consists of a recital in the deed, setting out as proof of service the affidavit of a publisher of a paper, as proof of publication of notice in the paper; which proof, under the rulings of

this court, is insufficient.  He cites, and relies upon, authorities which hold, in substance, that, where a deed is insufficient in form to convey anything, the court cannot regard it as a deed in such sense as the special statute of limitations contemplates.  It is to be observed, however, that the deed in question is not in any proper sense defective in form.  If it is invalid, its invalidity is caused by an extrinsic fact; to-wit, a want of due proof of service of notice.  If there was in fact such proof, the deed would be valid, notwithstanding the recital.  The invalidity, then, does not inhere in the form of the deed, but arises from something outside of the deed.  The authorities cited, therefore, do not appear to be applicable.

The doctrine of *Trulock v. Bentley* is that, where it appears affirmatively that notice was given, and something is filed as proof of service of notice, and is defective only by reason of some irregularity, and a deed is executed sufficiently formal to convey title, whoever holds under such deed may, after the lapse of five years from the recording of the deed, assume that its validity can no longer be questioned, and may govern himself accordingly.  It appears affirmatively in the case at bar that notice was duly given; and, while the defect in the proof may, perhaps, be regarded as somewhat greater than in *Trulock v. Bentley*, we cannot say that, if the defect in that case should be deemed a mere irregularity, the defect in this case should not be.  What was filed as proof was unquestionably deemed sufficient by the treasurer.  We think, indeed, that, at the time it was filed, a considerable part of the profession deemed such proof sufficient.  After so long a silence on the part of the holder of the patent title, valuable improvements may have been made by those claiming under the tax title.  The equities in this case in favor of the defendants appear to us as persuasive as in *Trulock v. Bentley*, and, considering that this case falls substantially within the rule of that case, the judgment must be                                                    AFFIRMED.