Innes v. Drexel.

INNES V. DREXEL.

Tax Title : STATUTE OF LIMITATIONS. Action, begun June 23, 1888,
by the holder of the patent title, to quiet the same as against a
tax title. The lot was sold in 1872 for the taxes of 1871. The tax
deed was executed in 1881 and recorded in 1883. The lot was unen-
closed and unoccupied, and not in the actual possession of any one,
from the date of the tax sale to the recording of the tax deed.
*Held* that the tax title was extinguished by the special statute of
limitations (See Rev., sec. 790; Code, sec. 902; *Eldridge v. Kuehl*, 27
Iowa, 160; *La Rue v. King*, 74 Iowa, 288);—the rule being that the
statute begins to run from the time when the purchaser *might*
obtain his tax deed, and that after five years from that time that
title, and all rights dependent upon it, are extinguished.

*Appeal from Council Bluffs Superior Court.*—HON.
E. E. AYLESWORTH, Judge.

FILED, OCTOBER 2, 1889.

ACTION in equity to determine the title to a certain
lot in Council Bluffs, brought June 23, 1888. The
agreed statement of facts upon which the case was sub-
mitted shows that the plaintiff is the owner of the
patent title; that the lot was sold November 11, 1872,
for the taxes of 1871; that the tax deed was executed
June 22, 1881, and recorded July 2, 1883; that defend-
ant is the owner of said tax title, and that the lot was
open, unenclosed and unoccupied, and not in actual
possession of any one, from said eleventh day of
November, 1872, until said second day of July, 1883.
The case was submitted to the court on the agreed
statement of facts, and decree was rendered cancelling
defendant's tax deed, and quieting title in the plaintiff,
with judgment for costs against the defendant. The
defendant appeals.

*A. W. Askwith,* for appellant.

*Walter I. Smith* and *J. E. F. McGee,* for appellee.

GIVEN, C. J.—The only question presented by this appeal is whether defendant was barred of all rights under his tax certificate at the time he obtained the tax deed in controversy. Revision, section 790, provides that no action for the recovery of real property, sold for the non-payment of taxes, shall lie unless the same be brought within five years after date of the sale. In *Eldridge v. Kuehl,* 27 Iowa, 160, it was held that this meant completed sale; that is, from the execution and recording of the treasurer's deed. Code, section 902, provides that the action shall not lie unless the same be brought within five years after the treasurer's deed is executed and recorded. In *La Rue v. King,* 74 Iowa, 288, this court held that the statute of limitations begins to run against a purchaser at a tax sale at the time when he might obtain a deed; that is, three years after the date of sale; and after five years from the time it begins to run not only is the tax title extinguished, but all rights which are dependent upon it. This fully meets the only question presented by the appeal, and sustains the decree of the superior court. The judgment of the superior court is     AFFIRMED.