## BULL v. GILBERT *et al.*

1. **Execution**: ISSUANCE AFTER DEATH OF JUDGMENT DEBTOR : SALE VOID. The right of a judgment creditor to issue an execution against the property of his debtor terminates with the death of the debtor, whether the judgment be *in personam* or *in rem*, and a sale and deed made in pursuance thereof are void; and the fact that the property levied on under the execution is already held by the sheriff under a writ of attachment, levied before the death of the judgment debtor, will not affect the rule. (See Code, sec. 3133, and cases cited in opinion.)

2. **Attachment of Land**: JUDGMENT : VOID SALE : LIEN : DURATION. Where land was attached prior to the execution of a mortgage upon it, and after the execution of the mortgage judgment was rendered against the attached property, and the land ,was sold thereunder, but the sale was void, *held* that the judgment was not affected by the sale, but continued to be a lien on the land,—and the first lien,—until ten years .after its date, after which time it was a lien no longer (Code, sec. 2882), and the mortgage, being still in force, became the first lien.

3. **Tax Sale and Deed**: DEFECTIVE NOTICE TO REDEEM : CURED BY TIME AS AGAINST PRIOR MORTGAGE. Although the proof of publication of notice to redeem from a tax sale is defective, the defect is cured by possession of the land for five years under the tax deed made pursuant to such notice, not only as against the former owner seeking to recover the land, but also as against a mortgagee of the former owner seeking to foreclose his mortgage; for the mortgage lien is extinguished with the title on which it is based. (See opinion for citations.)

*Appeal from Carroll District Court.*—Hon. J. H. Macomber, Judge.

FILED, FEBRUARY 10, 1890.

THIS is an action in equity to foreclose a mortgage upon two quarter sections of land in Carroll county. Two demurrers to the petition were filed, which were sustained by the court, and plaintiff appeals. The facts appear in the opinion.

*J. W. Bull*, for appellant.

*Benjamin I. Salinger* and *George W. Paine*, for appellees.

ROTHROCK, C. J.—I. The cause was not really disposed of on the demurrers, although the formal order of the court in disposing of them is in the nature of a ruling on the demurrers. After the petition and demurrers were filed, and, for aught that appears, after the ruling thereon, the parties entered into a stipulation by which it was agreed that upon appeal to this court the cause should be tried "upon the facts admitted by the demurrers in said cause, and the facts and evidence attached to said petition, and covered by the stipulations heretofore filed, and the same shall be tried *de novo* in said court upon the merits, without assignment of errors." The cause is, therefore, here for trial anew.

The material facts in the case, as we regard them, are not in dispute. They are either admitted by the demurrers, or appear in the record evidence attached to the pleadings. It appears from the record that on the sixteenth day of August, 1873, one Charles H. Berry was the owner of the land in controversy, which consists of the southeast quarter of section 35, and the northeast quarter of section 36, township 82, range 36. On that day he executed a mortgage upon said land to

one Samuel Showalter, to secure the payment of a promissory note for three thousand dollars, payable on demand. On the seventh day of June, 1888, said Showalter, for a valuable consideration, assigned said note and mortgage to the plaintiff. Charles H. Berry, the mortgagor, was during his life a resident of the state of Indiana; and the mortgagee, Samuel Showalter, has been a resident of the same state for the past twenty years. The said mortgage was duly acknowledged, and was filed for record on the twenty-sixth day of September, 1873. No question is made as to the recording of the mortgage. On the third day of October, 1873, while Charles H. Berry was still owner of the said real estate, he died intestate, leaving the defendants Sarah Gilbert, Edward Gilbert and Francis Berry as his only heirs. Sarah and Edward Gilbert were residents of the state of Indiana for fifteen years, and the defendant Francis Berry was a resident of the state of California for fourteen years, prior to the commencement of the suit. The facts upon which the defendants rely to defeat the foreclosure of the mortgage are based upon a suit in attachment which was commenced in the Carroll county district court by one A. S. Mount against said Berry, on the eleventh day of July, 1873, upon a money demand. An attachment was issued on the same day, and levied upon the land in controversy. Service was had by publication, and on the thirtieth day of September, 1873, judgment was rendered; and on the seventh day of October, 1873, an execution was issued, upon which the land was sold by the sheriff to one William Bray. Bray conveyed the said real estate to other parties, and the defendants Franklin K. Ingledue and William Ingledue claim title to the said southeast quarter of section 35 under and by virtue of the said attachment proceedings, sheriff's sale and deed to William Bray. Both of said quarter sections were purchased by said Bray, and the defendant Leet claims title to the said northeast quarter of section 36 as a remote grantee of Bray. He also claims title

by virtue of a tax sale, and a tax deed made in pursuance of the sale, which deed was made and executed on the twenty-sixth day of January, 1878.

We will first dispose of the material question pertaining to the validity of the proceedings in the attachment suit. It is distinctly averred in the petition that Charles H. Berry had no actual notice that the land in controversy had been attached by his creditors. The proceeding was, therefore, strictly *in rem*. A great many objections are made to these proceedings by counsel for the plaintiff. We need not set out nor discuss them, and will confine ourselves to a determination of what we regard as the one vital question.

It is distinctly averred in the petition that the execution in the attachment proceeding was issued on the seventh day of October, 1873, and that Charles H. Berry, the owner of the land, died on the third day of that month, four days before the execution was issued. These facts necessarily involve the validity of a sheriff's sale of land made upon an execution issued after the death of the execution defendant. It is provided by section 3133 of the Code that "the death of part only of the defendants shall not prevent execution being issued, which, however, shall operate alone on the survivors, and their property." This provision of the statute plainly implies that an execution issued after the death of a defendant shall not operate on him, or his property; and this court has held that sales based on such executions are void. And the fact that the property levied on under the execution was already held by the sheriff, by writ of attachment levied before the death of the judgment debtor, will not affect the rule. In *Welch v. Battern*, 47 Iowa, 147, and in *Boyle v. Maroney*, 73 Iowa, 70, it is held that the right of a judgment creditor to issue an execution against the property of his debtor terminates with the death of the debtor, and that a sale and deed made in pursuance thereof are void. It is insisted by counsel for appellee

1. EXECUTION: issuance after death of judgment debtor: sale void.

that this rule has no application to an execution on a judgment *in rèm*. Whatever there may be in the way of authority in support of the position, we think that under our statute there can be no escape from the conclusion that no execution issued after the death of a defendant shall have any operative force against his property. And in the case of *Welch v. Battern, supra*, it appears that the service of process in the action was made upon the defendant by publication. That being the fact, the judgment was not personal, but *in rem*. And we may say, further, that we can see no reason why there should be any distinction between an execution on a personal judgment and one *in rem*. It is lawful to seize the property of a non-resident without actual notice, and upon service by publication, because such a proceeding is authorized by our laws. But no authority is given to issue execution after the death of the non-resident. The rights of his representatives should be regarded the same as those of the representatives of any other deceased judgment defendant.

Some question is made by counsel as to the manner in which the death of Berry is averred in the petition. It is urged that the averment of the death of Berry is not made in connection with the averment of the date of the execution. But both facts are distinctly averred, and the execution is attached as an exhibit, which shows the date of its issuance; and in the tenth paragraph of the petition the averment of the death of Berry, and the date thereof, is repeated, and that he did not appear in the action,—was served by publication only,—and "that by reason of the facts stated herein, and shown by said exhibits, said judgment, levy, execution, sale and sheriff's deed were and are totally void. * * *" In the demurrer filed by the defendants William L. and F. K. Ingledue, it is stated "that it further appears in said petition and exhibits thereto that said Charles H. Berry died intestate, while a resident of the state of Indiana, on October 3, 1873." It appears to us that the facts of the death of Berry,

and the date thereof, were in the case for all they were worth ; that the pleadings and exhibits distinctly presented the question as to the effect of the issuance of the execution after his death; and we cannot dispose of the appeal without regard to that feature of the case. And if, as we have held and now hold, the sheriff's sale was void, his deed conferred no title upon the purchaser, nor his grantees. The execution and sale being void, the judgment *in rem* remained the same as if no execution had been issued. The land having been attached before the mortgage was filed for record, the attachment was the prior lien ; and, under section 2882 of the Code, the lien continued for ten years from the date of the judgment. The lien of the judgment ceased to be a lien on the third day of September, 1883,—ten years after its rendition. It follows that the mortgage is the prior lien.

2. ATTACHMENT of land : judgment: void sale: lien: duration.

Some claim is made that the action is barred by the statute of limitations. We do not think this claim can be sustained. So far as the mortgagor and his heirs are concerned, the mortgagor having been at all times a non-resident of this state, the statute of limitations of this state did not at any time commence to run in their favor, as in *Savage v. Scott*, 45 Iowa, 130; and it does not appear that the action is barred by the laws of the states of which they have been resident. Aside from this, no personal claim is made against them, and they do not appear to the action. The defendants who hold under the void sheriff's sale and deed may possibly be held to be invested with sufficient color of title or claim of right to rely upon the statute of limitations; but it does not appear that they have been in adverse possession of the land for ten years, which is necessary to authorize them to rely on the limitation provided by law.

We do not discover any ground for holding that the foreclosure of the mortgage can be successfully questioned by reason of the attachment suit, and the

judgment execution, and sheriff's sale; and we here repeat that we regard it not only unnecessary, but improper, to discuss the other objections made to the attachment proceedings. Having found that the deed made in pursuance thereof is void, it is an end of the inquiry.

II. The foregoing examination of the case fixes the rights of the parties as to the said southwest quarter of section 35. Other questions are necessary to be considered, as to the rights of the defendant William Leet in the said northeast quarter of section 36. It appears from the averments of the petition, and other facts of record in the case, that said quarter section was on the sixth day of October, 1873, sold by the treasurer of Carroll county to one Bangs for the delinquent taxes of 1872, and that said treasurer made a tax deed to said Bangs on the twenty-sixth day of January, 1878. Leet claims title to the land under this tax deed, and under a decree quieting his title, in which proceedings the said Showalter, who then owned the mortgage in suit, was made a party defendant. We do not think it necessary to discuss the objections made by counsel for appellant to said decree. We think that the rights of the parties are fixed and determined by the tax deed. The petition contains the following averment: "(14) That said defendant, William Leet, has no other title to said land, or interest in it, than such as is founded upon and derived through the respective proceedings and deeds hereto set out, except that said William Leet, by tenants. has been in the actual possession of said land for more than five years before the commencement of this action, and that neither said Berry, Bray nor Showalter was ever in actual possession of said land."

Some question is made by counsel for appellant as to whether the pleadings and exhibits show that Leet holds as a grantee under the Bangs tax title. We think that there is sufficient in the record to show that

3. TAX sale and deed: defective notice to redeem: cured by time as against prior mortgage.

fact, and we will proceed to examine the appellant's objections to that title. It is claimed that the proof of publication was defective. This action was brought to foreclose the mortgage more than five years after the tax deed was made and recorded, and it is admitted that Leet, by his tenants, had been in actual possession of the land for more than five years before the commencement of the suit. We think that any defect in the proof of service of notice of expiration of redemption has been cured by the five years' limitation provided by section 902 of the Code, and that under the rulings of this court in *Trulock v. Bentley*, 67 Iowa, 602; *Grove v. Benedict*, 69 Iowa, 346; and *Bolin v. Francis*, 72 Iowa, 619, the title of the defendant Leet is perfect, and unassailable. Counsel for appellant has made an ingenious argument upon this feature of the case, in which he claims that the five years' limitation provided for in section 902 of the Code is not applicable as a defense in an action to foreclose a mortgage, and that it is limited to an "action for the recovery of real property sold for the non-payment of taxes." It is true that section of the Code contains the language above quoted. But we do not think a fair construction of the statute demands that the limitation should be available to the holder of the tax title only in actions for recovery of real property, nor that his rights should be held to depend on the form of the action in which it is asserted. A title based upon a tax sale and deed is not derivative. It is a breaking up of all titles. When made in conformity with the requirements of the law, it is available not only against the owner of the patent title, but against all liens based upon the patent title.

We think the foregoing discussion disposes of every material question in the case. The decree of the district court, so far as the land claimed by the defendant Leet is concerned, is affirmed; and, as to the land claimed by F. K. and William Ingledue, the decree is

REVERSED.