Maud E. Smith, Appellee, v. Mary E. Huber, Appellant.

No. 44222.

February 8, 1938.

White & White, for appellee.

Bennett Cullison and George O. Hurley, for appellant.

KINTZINGER, J.—Plaintiff and defendant, through one Larson acting as agent for both parties, sold to each other certain real estate for a consideration of $3,500. The property sold by plaintiff was farm land, and that of defendant city property. A contract for the sale and lease of said property was executed by each of the parties and delivered to the other on or about the 20th day of May, 1936. Under the contract of sale, defendant was to retain possession of said property until June 1, 1936, *or until an abstract was furnished satisfactory to each.* The contract provides that appellee's property was to be conveyed clear of all incumbrances and that she was to furnish an abstract showing a "good, merchantable title." Deeds were executed by each of the parties and delivered by the same agent.

Defendant refused to give up possession of the property she conveyed, and plaintiff commenced this action in justice court in forcible entry and detainer to evict her therefrom. As the title to real estate was involved, the case was transferred to the district court. Due notice to quit was served upon the defendant, but she refused to quit and still retains possession of the premises. These matters were all alleged in plaintiff's petition. The lower court held in favor of plaintiff, and defendant appeals. Further facts are stated in the opinion.

Defendant in separate counts of her answer alleges two defenses: (1) That at the time the contract of sale was entered into the defendant was sick and suffering from a stroke of apoplexy and did not know that she had executed said instruments; in other words, that she was mentally incapable of executing the contract of sale, and that the execution of said instruments was not her voluntary act; (2) that under the sale contract plaintiff was to furnish an abstract showing a good, merchantable title of the property sold to defendant in plaintiff, that the plaintiff was not and is not at this time the holder of a merchantable title to the real estate conveyed to defendant,

and that the conveyance of the plaintiff did not operate to convey anything to the defendant and that she received nothing of value in consideration therefor. That by reason of the matters alleged in counts one and two, the defendant elects to rescind the contract and tenders a reconveyance of the property conveyed by plaintiff.

No issue is raised in the pleadings about the agent acting for both parties, and this question, therefore, needs no consideration.

I. Appellant contends that appellee failed to comply with the terms of the contract of sale by not furnishing appellant an abstract showing a good, merchantable title to the property in appellee. This contention is based upon the claim that the only title shown by the abstract to exist in appellee is one derived through a tax deed issued to appellee's husband under a tax sale on December 3, 1923, under which a tax deed was issued to him on December 8, 1926. Appellant contends that the abstract fails to show that the tax deed conveys a good and merchantable title because it fails to show that any notice of redemption to the title owners or person in possession was served upon them as required by statute.

The question at issue in this case is not whether appellee, Mrs. Smith, had, in fact, a good title to the property as against the former title owners, but whether she furnished an abstract showing that she had a good and merchantable title.

Section 7279 of the Code provides:

''After two years and nine months from the date of sale, * * * the holder of the certificate of purchase may cause to be served *upon the person in possession* of such real estate, *and also upon the person in whose name the same is taxed, if such person resides in the county where the land is situated, in the manner provided for the service of original notices,* a notice signed by him, his agent, or attorney, stating the date of sale, the description of the property sold, the name of the purchaser, and that the right of redemption will expire and a deed for the land be made unless redemption is made within ninety days from the completed service thereof.'' (Italics ours.)

Section 7280 provides that:

''Service may be made upon nonresidents of the county by

publishing the same once each week, for three consecutive weeks, in some newspaper of said county, or by personal service thereof elsewhere in the same manner as original notices may be served.''

Section 7282 provides that:

''*Service shall be complete only after an affidavit has been filed* with the treasurer, showing the making of the service, the manner thereof, the time when and place where made, *and under whose direction the same was made*; such affidavit to be made by the holder of the certificate or by his agent or attorney, and in either of the latter cases *stating that such affiant is the agent or attorney*, as the case may be, of the holder of such certificate; which affidavit shall be filed by the treasurer and entered upon the sale book opposite the entry of the sale, and said record or affidavit shall be presumptive evidence of the completed service of said notice, *and the right of redemption shall not expire until ninety days after service is complete.*'' (Italics ours.)

Appellant contends that these statutes were not complied with in that, (1) the abstract of title fails to show that any notice was served upon *the person in possession or upon the persons in whose name the property was taxed in the manner provided for the service of original notices;* and (2) that no affidavit was filed with the county treasurer showing under whose direction the service was made, *or that it was made by the holder of the certificate or his agent or attorney,* or that the affiant is the agent or attorney of the holder of the certificate.

The record in this case shows that the person in possession and the persons in whose name this property was taxed were residents of the county in which the land was situated at the time it was sold and when the tax deed was issued. It shows that the only notice given prior to the issuance of the tax deed was a notice given by publication and the only proof of said publication was the following:

''State of Iowa, Shelby County, ss.

''I, Hal W. Campbell, Publisher of The Harlan Tribune, a weekly newspaper published at Harlan, Shelby County, Iowa, do solemnly swear that the printed notice hereto attached was published in said newspaper three consecutive weeks; the first publication being on the 8th day of September, 1926 and the last on the 22nd day of September, 1926.''

(Signed and sworn to by Hal W. Campbell, September 24, 1926.)

The abstract of title fails to show that any affidavit has been filed with the treasurer showing personal service as required by section 7279, *or that the affidavit of publication was made under the direction of the holder of the tax certificate, or his agent or attorney, or that the person making the affidavit was the agent or attorney of the holder of the tax certificate,* as required by section 7282 of the Code.

**■■■** The appellee's title to the real estate is not questioned in this action by the former owners, and they do not appear as parties herein; therefore, a judgment or decree in this action would not be an adjudication of or binding upon the former title owners of the property in question.

**■■■** The record also shows that this action was commenced more than five years after the execution and recording of the treasurer's deed. Appellee, therefore, contends that the action is barred by the provisions of section 7295 of the Code which provides:

"No action for the recovery of real estate sold for the non-payment of taxes shall be brought after five years from the execution and recording of the treasurer's deed."

This contention would be correct if the deed issued by the treasurer was only voidable and not void as to former owners. This section applies to a tax deed which is simply voidable and not void as where the defect in the service is irregular only, in which event a tax deed could not be questioned after the lapse of five years. Bullis v. Marsh, 56 Iowa 747, 2 N. W. 578, 6 N. W. 177; Monk v. Corbin, 58 Iowa 503, 12 N. W. 571; Trulock v. Bentley, et al., 67 Iowa 602, 25 N. W. 824; Rice v. Haddock, 70 Iowa 318, 30 N. W. 579; Bolin v. Francis, 72 Iowa 619, 34 N. W. 447; Bull v. Gilbert, 79 Iowa 547, 44 N. W. 815.

The trouble with this contention, however, is that this court has repeatedly held that this statute also applies *against* the holder of the tax deed and "operates to bar an action by the holder of the tax title on the expiration of five years from the recording of the treasurer's deed." Wallis v. Clinkenbeard, 214 Iowa 343, 242 N. W. 86, 88; Innes v. Drexel, 78 Iowa 253, 43 N. W. 201; Barrett v. Love, 48 Iowa 103; Brown v. Painter, 38

Iowa 456; Hintrager v. Hennessy, 46 Iowa 600; Peck v. Sexton, 41 Iowa 566; Brett v. Farr, 66 Iowa 684, 24 N. W. 275; LaRue v. King, 74 Iowa 288, 37 N. W. 374.

In Innes v. Drexel, 78 Iowa 253, 254, 43 N. W. 201, 202, this court said:

"And after five years from the time it begins to run not only is the tax title extinguished, but all rights which are dependent upon it."

In Wallis v. Clinkenbeard, 214 Iowa 343, l. c. 348, 242 N. W. 86, 88, we said:

"By the statute, * * * (Code, 1924, section 7295):

" 'No action for the recovery of real estate sold for the nonpayment of taxes shall be brought after five years from the execution and recording of the treasurer's deed * * * .'

"This statute operates to bar an action by the holder of the tax title on the expiration of five years from the recording of the treasurer's deed."

■■■ Appellant contends that where the statutory requisites in the service of the notice of redemption are not met, the former owners' right of redemption has not expired, and a deed issued without such notice is void as to them. Section 7279 of the Code does not authorize service of notice of redemption *by publication* upon residents of the county; on the contrary, the only statute authorizing notice upon nonresidents of the county is section 7280, hereinabove set out. The only notice authorized upon residents of the county where the land is situated is that provided by section 7279, which requires personal service; and section 7282 provides that *"the right of redemption shall not expire until ninety days after service is complete."* Appellant contends that the abstract fails to show that any such service was ever made, and as the abstract of title fails to show that any such proof of service was ever filed in the manner required by statute, the right of redemption by the former owners has never expired.

It is true that we have held in the cases hereinabove cited that the treasurer's deed is presumptive evidence of certain facts referred to in section 7287 and section 7288 of the Code. It is likewise true that if no notice to resident owners is authorized by publication, and if the only notice given is by publication, it

naturally follows that no notice whatever is given to resident owners. Therefore, where the requisite statutory notice is not given to owners residing in the county where the land is situated, the statutory right of redemption does not expire. If the abstract of title fails to show that the statutory right of redemption by the former owners has been cut off, the effect of a tax deed *as to them* is the same as though no deed whatever was issued. Fidelity Inv. Co. v. White, 208 Iowa 519, 223 N. W. 884, 225 N. W. 868; Neilan v. Unity Inv. Co., 147 Iowa 677, 126 N. W. 947; Bates v. Pabst, 223 Iowa 534, 273 N. W. 151; Minneapolis & St. L. R. Co. v. Pugh, 201 Iowa 208, 205 N. W. 758; Ashenfelter v. Seiling, 141 Iowa 512, 119 N. W. 984; Grimes v. Ellyson, 130 Iowa 286, 105 N. W. 418; Peterson v. Wallace, 140 Iowa 22, 118 N. W. 37; Slyfield v. Barnum, 71 Iowa 245, 32 N. W. 270; Swan v. Harvey, 117 Iowa 58, 90 N. W. 489.

The abstract furnished by appellee fails to show that any affidavit whatever of the service of the expiration of the right of redemption has been filed with the county treasurer showing under whose direction the service was made, or that any affidavit was made by the holder of the tax sale certificate, his agent or attorney, stating that the affiant is the agent or attorney of the certificate holder, as required by section 7282 of the Code. This section provides that the service shall not be complete until after such affidavit has been filed with the county treasurer and entered upon the sale book opposite the entry of the sale. The statute also provides that the right of redemption shall not expire until ninety days after service is complete, and the county treasurer has no jurisdiction to issue a tax deed until the service required by statute is complete.

The failure to file the affidavit required by section 7282 is fatal to the validity of a subsequently executed tax deed as against the former title owners, and a tax deed so issued is void. Fidelity Inv. Co. v. White, 208 Iowa 519, 223 N. W. 884, 225 N. W. 868; Geil v. Babb, 214 Iowa 263, 242 N. W. 34.

In Fidelity Inv. Co. v. White, 208 Iowa 519, l. c. 521, 223 N. W. 884, 885, 225 N. W. 868, this court said:

''One of the contentions of the appellant is that the affidavit of the service of the notice of the expiration of the right of redemption does not meet the requirements of the statute, in that it does not state 'under whose direction the service of the notice was made.' * * * The affidavit of service is as follows:

'A. O. Jepson, being first duly sworn * * * says, that he is the agent of W. F. Grandy, the holder of the certificate of purchase, described in the within notice of tax deed; that he received said notice of tax deed for service as such agent, on the 11th day of October, 1926, and that on the 18th day of October, 1926, he served the same on the within named F. W. Lohr, the person in whose name the property therein described is taxed, by reading said notice to him * * * and delivering to him personally, a true copy thereof, * * * in * * * Woodbury County, Iowa.'

"Our statute, section 7279 * * * provides that the holder of the certificate of purchase may cause to be served upon the person in possession of the real estate, and also upon the person in whose name the same is taxed, if such person resides in the county where the land is situated, in the manner provided for the service of original notices, a notice signed by him, his agent or attorney, etc. Section 7282 of the Code provides:

" 'Service shall be complete only after an affidavit has been filed with the treasurer, showing the making of the service, the manner thereof, the time when and place where made, *and under whose direction the same was made:* [the italics are ours] such affidavit to be made by the holder of the certificate or by his agent or attorney, and in either of the latter cases stating that such affiant is the agent or attorney, as the case may be, of the holder of such certificate.'

"The question is: Does the aforesaid affidavit show under whose direction the service was made? The rule is that the requirements of the statutory law must be fully met, in order to cut off the right of redemption, and that, if there be any substantial omission therefrom, said right is not cut off, and that the court will indulge no presumption with regard thereto. The provisions of the statute are mandatory and absolute, and any failure as to the statutory requirements relative to the affidavit of service *will avoid the tax deed subsequently executed. The right of redemption from a sale will be liberally construed in favor of the taxpayer.* Ashenfelter v. Seiling, 141 Iowa 512, 119 N. W. 984; Grimes v. Ellyson, 130 Iowa 286, 105 N. W. 418; Peterson v. Wallace, 140 Iowa 22, 118 N. W. 37; Lindsey v. Booge, 144 Iowa 168, 122 N. W. 819. * * *

"No presumptions are to be indulged in. The affidavit does not even state that he served the notice as such agent, but only that he served the same. The affidavit does not state that he

served the same under the direction of * * * his principal. Under our former holdings, we cannot indulge the presumption that he served the same under the direction of his principal. If we bear in mind that the right of redemption from a tax sale will be liberally construed in favor of the taxpayer, and consider the affidavit in its entirety, and indulge no presumptions in its favor, it cannot be said that the affidavit * * * complied with the absolute and mandatory provisions of our statutory law that the affidavit must show under whose direction the service was made. *Since the affidavit of service of the notice was insufficient in the particular hereinbefore specified, the execution of the deed did not cut off the appellant's right of redemption.*" (Italics ours.)

Of similar import is the case of Geil v. Babb, 214 Iowa 263, 1. c. 267, 242 N. W. 34, 36, wherein the court said:

" 'One of the statutory requirements, which is jurisdictional, is that this affidavit state under whose direction the making of service and manner thereof was made. In each of these affidavits it is shown that the personal service of the notice on the parties in possession of the real estate was made under the direction of Walter Babb, but there is an entire failure to state under whose direction the service was made on the nonresidents of the county by publication. Our Court has held that this affidavit showing this matter must be explicit; it cannot be aided by parol, and no presumptions may be indulged in its construction that are not based on definite and explicit recitation of facts. Under the law in these cases this affidavit must be strictly construed and nothing may be read into it that does not plainly appear therein.''

The abstract of title furnished in this case fails to show: (1) That any affidavit has been filed with the county treasurer showing the making of the service, the manner thereof, and under whose direction the same was made; (2) that any affidavit was made by the holder of the certificate or by his agent or attorney, and that the affiant was the agent or attorney of the holder of the certificate; (3) that such affidavit was filed by the treasurer and entered upon the sale book opposite the entry of the sale.

These requirements of section 7282 are mandatory and no presumption that they have been complied with can be indulged in. Ashenfelter v. Seiling, 141 Iowa 512, 119 N. W. 984.

In discussing a similar question as that involved in this action, our court in Neilan v. Unity Inv. Co., 147 Iowa 677, l. c. 680, 126 N. W. 947, 948, said:

"Code, section 1448 [now sec. 7295] reads as follows: 'No action for the recovery of real estate sold for the nonpayment of taxes shall be brought after five years from the execution and recording of the treasurer's deed, * * *.' Claim is made that plaintiff's title became perfect under this section, and that defendant cannot challenge. it. Such facts are pleaded in the answer regarding the inclusion of a grading tax as would make the sale void, *and it is also shown that no proper notice of the expiration of the redemption period was given.* Gallaher v. Garland, 126 Iowa 206, 101 N. W. 867; Carter v. Cemansky, 126 Iowa 506, 102 N. W. 438. *Notice by publication being unauthorized under the facts pleaded, it is the same as no notice.* Under these facts, it has been repeatedly held that section 1448 does not apply. Chicago, B. & Q. R. R. v. Kelley, 105 Iowa 106, 74 N. W. 935; Slyfield v. Barnum, 71 Iowa 245, 32 N. W. 270; Bowers v. Hallock, 71 Iowa 218, 32 N. W. 268; Cornoy v. Wetmore, 92 Iowa 100, 60 N. W. 245; Shelley v. Smith, 97 Iowa 259, 66 N. W. 172; Wilson v. Russell, 73 Iowa 395, 35 N. W. 492; Swan v. Harvey, 117 Iowa 58, 90 N. W. 489; Iowa Loan & T. Co. v. Pond, 128 Iowa 600, 105 N. W. 119. *Notice by publication upon resident owners doubtless might have been authorized by the Legislature; but we find no statute so providing.* Indeed, the statute seems to require personal service upon residents. Code, section 1441. Plaintiff's tax deed, under the allegations of the answer and counterclaim, was invalid because no notice of redemption was given * * *. These facts not only made the property subject to redemption, but they remove the five-year bar created by section 1448 of the Code." (Now Sec. 7295.) (Italics ours.)

We have held that simply a "defect" in the proof of service of the notice of expiration of redemption has been cured by the five-year limitation provided by section 7295 of the Code; Bull v. Gilbert, 79 Iowa 547, 44 N. W. 815; Trulock v. Bentley, 67 Iowa 602, 25 N. W. 824; Grove v. Benedict et al., 69 Iowa 346, 28 N. W. 631; but we have never held that a deed issued without giving any redemption notice whatever is cured by the five-year limitation period.

The statute hereinabove referred to requires notice by personal service to be made upon the person in possession, and also upon the former title owners residing in the county where the land is situated. The abstract of title fails to show that any such notice was given.

The statute also provides that service shall be complete only after an affidavit has been filed with the treasurer showing the making of the service and under whose direction the same was made, and this was not done; the statute also requires that the affidavit be filed by the holder of the certificate or his agent, stating that he is such agent, and this was not done; the statute also provides that the affidavit filed shall be presumptive evidence of completed service of said notice, but the abstract of title furnished by appellee *fails to show that any such affidavit was filed.*

The record shows that A. W. Barton, Mrs. A. W. Barton, Mrs. Hiram Baughn, widow, O. M. Barton, and Mrs. O. M. Barton were the title owners of the property prior to the tax sale and that Vince Sunderland was the tenant in possession of said property, and that all these parties were residing in the county where the land was situated.

In Slyfield v. Barnum et al., 71 Iowa 245, l. c. 247, 32 N. W. 270, this court said:

"Now, the requirement of the statute, when the land is taxed to a particular person, is that the notice shall be served upon that person. Code, §894. Under that and the following section the power of the treasurer, in such cases, to execute a deed, is dependent on the giving of the notice. *Unless the notice has been served on the person in whose name the land is taxed, he is not authorized to execute a deed.* The deeds in question, then, were executed without authority. They are not absolutely void, it is true, for they operated to transfer the title to the lands to the grantees. But they did not have the effect to terminate the right of redemption, and the title conveyed by them was subject to be defeated by the exercise of that right; * * * and, *as long as a right to redeem the lands exists, there is no completed sale;* and the settled rule is that until there is a completed sale the period of limitation presented by the statute does not begin to run." (Italics ours.)

The only affidavit, shown by the abstract to have been filed

with the county treasurer, is that of H. W. Campbell, publisher of the Harlan Tribune. As a notice by publication is only authorized to be made upon nonresidents of the county, and as no notice whatever is shown by the abstract to have been served personally upon the resident title owners in the county where the land is situated, and as service shall be complete only after an affidavit showing the making of the personal service upon such residents of the county has been filed with the treasurer, we are forced to the conclusion that the former owners' right of redemption has not expired.

 The abstract of title shows that it might become necessary for appellant to defend her title against former title owners in an action in court under the provisions of section 7278 of the Code, or otherwise. It will, therefore, not do to say that the abstract shows a good, merchantable title in appellee. No one can say from this record that the former owners will never question this title because they are not parties hereto and would not be bound by a ruling herein. The circumstances in this case are such that an affirmance of the lower court might compel appellant to "buy a law suit" as well as the land, and this she cannot be required to do.

 The test as to whether an abstract shows a good, merchantable title depends upon whether or not a reasonably prudent person, familiar with the facts and apprized of the question of law involved, would accept such a title in the ordinary course of business. Billick v. Davenport, 164 Iowa 105, 145 N. W. 470; Cappel v. Potts, 192 Iowa 661, 185 N. W. 148; Buchan v. German-American Land Co., 180 Iowa 911, 164 N. W. 119, L. R. A. 1918A, 84.

In Cappel v. Potts, 192 Iowa 661, l. c. 668, 185 N. W. 148, 151, we said:

"It is conceded that merchantable title does not mean a title free from every technical defect that can be conjured up, or a title free from all suspicion or possible defect; and that a title good as a matter of law is not rendered unmarketable by the possibility of vexatious litigation, * * * The rule as to merchantable title, briefly stated, and as laid down in the cases, is * * * whether a man of reasonable prudence, familiar with the facts and appraised of the questions of law involved, would, in the ordinary course of business, accept such a title as can again be sold to a reasonable purchaser."

Under the definition of a merchantable title, we are constrained to hold that the abstract furnished by appellee in this case fails to show a good and merchantable title in appellee.

Other reasons are urged for reversing the action of the lower court. We have examined them but find no merit therein.

For the reasons hereinabove expressed, the decree and judgment of the lower court is hereby reversed and remanded with instructions to enter a decree in harmony herewith.—Reversed and remanded.

STIGER, C. J., and RICHARDS, HAMILTON, DONEGAN, and SAGER, JJ., concur.