ENOS WILLCUTS, Appellee, v. C. W. ROLLINS, Appellant.

Tax Title: VALIDITY: LIMITATION OF ACTIONS: POSSESSION: TENANCY IN COMMON. Where the owner of an undivided one-half interest in land was in possession under claim of title to the whole, *held*, that his possession did not inure to the benefit of the holder of a tax deed to the other half, as a tenant in common, so that an action attacking the same would be barred under the provisions of section 902 of the Code.

*Appeal from Sac District Court.*—HON. J. P. CONNER, Judge.

WEDNESDAY, MAY 18, 1892.

THIS is an action in equity, and it involves the title to an undivided half of certain land in Sac county. The plaintiff claims under the patent title, and the defendant relies upon a tax title. There was a full hearing on the merits, and a decree for the plaintiff and other parties who intervened in the action, but whose interests are not adverse to the plaintiff, and are adverse to the defendant. The defendant appeals.—*Affirmed.*

*E. R. Duffie,* for appellant.

*Wm. Milchrist, Elwood & Zane,* and *Mason & Thomas,* for appellees.

ROTHROCK, J.—I. It is unnecessary to take time or space to set out the interests claimed by the intervenors. They claim in the same right as the plaintiff, and we will consider the questions as between the plaintiff and the defendant.

The plaintiff claims to be the patent title owner. It is conceded that he is the owner of an undivided one-half of the land. It was determined by this court in *Bowen v. Duffie,* 66 Iowa, 88, which case involved the

title to this land, that Bowen was the owner of the undivided one-half thereof. Bowen was the grantor of the plaintiff. The decision in that case was based upon the ground that the land had been redeemed from the tax sale, and that there had been no former adjudication of the validity of the tax title. It now appears that the redemption was made by one who had no right to redeem, and this case depends upon other considerations, which we will now proceed to consider.

We have said that the plaintiff claims under the patent title. It is claimed by the appellant that the evidence does not show a chain of title by successive conveyances from the United States to the plaintiff. We do not think this position is correct. It appears that pending the action in the district court the courthouse was burned, and much of the evidence on file was destroyed. The evidence was substituted by agreement of the parties, and it shows unmistakably, by the agreement and reference to the evidence, that the plaintiff is the owner of the government title. We need not particularize or set out the evidence on this question. It abundantly sustains the claim of the plaintiff that he is the owner of the patent title.

II. Thomas Wray became the owner of the land in the year 1870, and in the month of September, 1872, he died without issue, and leaving Mirvina Wray as his widow. She conveyed the land to one Nickum, and by successive conveyances Fannie Bowen became the owner of the widow's interest in July, 1879. It was upon this interest that the case of *Bowen v. Duffie, supra,* was founded; and it was for the reason that the widow took but an undivided half of the land, by dower and descent from her husband, that but one-half was recovered in the cited case. While that suit was pending, and on the twenty-third day of March, 1880, Fannie Bowen conveyed the land to Enos Willcuts, the plaintiff herein. At that time the land was unoccupied and

uncultivated prairie, and was not and had not at any time been in the actual possession of any one. About June 1, 1880, Willcuts entered into the actual possession of all of the land, claiming title to the same, and has continued to maintain actual possession at all times since that date. The conveyances to Fannie Bowen, and from her to Willcuts, were by deeds of general warranty. In the year 1882, the brothers and sisters of Thomas Wray conveyed the undivided half of the land which they inherited from Thomas Wray, to Fannie Bowen. This conveyance to Fannie Bowen made good her warranty to Willcuts, and he became the owner of the undivided half, not theretofore conveyed by the deed of Fannie Bowen. It will thus be observed that Willcuts was in possession for about two years, while he was the owner of but an undivided half of the land.

The tax deed upon which the defendant claims title was recorded July 15, 1875. Willcuts took possession of the land within five years from that time. It is claimed, however, that the holder of the tax deed was a tenant in common with Willcuts, and that, as the possession of one tenant in common is in law regarded as the possession of all, there was no possession of the interest held by the heirs of Thomas Wray. This is the only real question in the case. If this claim of the appellant can be sustained, the statute of limitation of five years provided for by section 902 of the Code will defeat a recovery by the plaintiff. In determining this question, it is important to consider the claim under which Willcuts held the possession, for, if his possession did not inure to the benefit of the defendant, it cannot be made available to sustain the latter's title. If there was no question as to the validity of the tax title as to the undivided half now claimed by the defendant, the defendant and Willcuts would be tenants in common; and the latter's possession, so far as maintaining actions for trespass and other rights of the

common owners, would be regarded as the possession
of both; and, if no one was in actual possession, both
would be in constructive possession, so far as the stat-
ute of limitations affecting tax titles is involved.  *Rice*
*v. Haddock*, 70 Iowa, 318.  But the right arising from
constructive possession can have no application where
the possession is actual.  Constructive possession is a
mere presumption which arises in favor of the owner
of the land.  There can be no constructive possession
by one person where the actual possession is in another.
There was nothing in common claimed by the plaintiff
and the defendant in this case.  The plaintiff's posses-
sion was under claim of title to the land, and not only
to an interest, but to the whole of it.

Another reason why the possession of the plaintiff
should not be regarded as the possession of the defend-
ant is, that it appears from the record that E. R. Duffie,
the owner of the tax title, commenced an action to
quiet his title against the then owner of the land,
and the said cause was transferred to the circuit court
of the United States, and was there dismissed, and
that, after such dismissal, the said Duffie made applica-
tion to the board of supervisors to refund the taxes on
the land paid by him, on the ground that his title had
failed, and the money claimed was refunded to him.
While there may be a question as to whether this was
an adjudication as to more than one-half of the land,
yet these acts are inconsistent with the claim that the
possession of Willcuts was possession in the interest of
the holder of the tax deed.  A tax title is not a deriva-
tive title.  If valid, it is a breaking up of all other
titles, and is antagonistic to all other claims to the
land.

Something is claimed from the decree in the case
of *Bowen v. Duffie*, above cited.  So far as it was
attempted by that decree to quiet the title to an undi-
vided one-half of the land in Duffie, it could have no

force, as against the half of the land owned by the heirs of Thomas Wray. They were then the owners, and their rights could not be prejudiced by a decree in an action to which they were not parties. We do not deem it necessary to further elaborate the case.

Our conclusion is that the decree of the district court should be AFFIRMED.

ROBINSON, C. J., having been of counsel in this cause, took no part in the decision.