WELCH ET AL. V. BATTERN ET AL.

47  147
79  550

1. **Execution**: DEATH OF JUDGMENT DEBTOR: ATTACHMENT. The common law rule that execution cannot be issued after the decease of the judgment debtor, even though the judgment be rendered in an attachment proceeding, and that a sale of land under an execution so issued is void, is not changed by the statutes of this State.

2. **Statute**: PUBLICATION OF: CERTIFICATE OF SECRETARY OF STATE. Where an act of the General Assembly provided that the act should take effect from its publication in two newspapers, it was *held* that it would not take effect by publication in one newspaper. *Held*, further, that a certificate of the Secretary of State that it had been published in one newspaper would not justify the inference that the act had been properly published.

*Appeal from Hamilton District Court.*

SATURDAY, OCTOBER 20.

ACTION by tenants in common to establish their interest in certain lands against defendants, who claim title thereto under a sale upon an execution, and also under a tax sale. The execution sale, it is alleged, is void, and plaintiffs claim the right to redeem from the tax sale. One of the defendants, it is admitted, holds an interest in the land under a conveyance from one George H. Welch, a co-heir of plaintiffs, inheriting, with them, the land from Peter Welch, deceased. The court in its decree granted the relief prayed for by plaintiffs, upon the facts as found, which are set out in the decree. The defendants appeal. The facts of the case are stated in the opinion.

*Chase & Covil*, for appellants.

*Clark & Moulton*, for appellees.

BECK, J.—Peter Welch died seized of the lands involved in this suit, on the 4th day of May, 1862. The plaintiff, Amy L. Welch, is his widow, and the other plaintiffs his children by plaintiff, Amy L.; the defendants, George H. Welch and Mary Post, are children of deceased by a former marriage. On the

3d day of March, 1860, the lands in controversy were attached in an action at the suit of Jacob M. Funk against Peter Welch; service of process upon the defendant therein was made by publication, and on the first day of May, 1860, judgment was rendered against the defendant, and a special execution ordered to issue against the lands attached. August 12, 1862, special execution was issued on the judgment, and the lands sold and deed made to George H. Welch. On the 20th of November, 1865, the treasurer of the proper county executed to George H. Welch a tax deed upon a sale of the lands made June 5, 1862, for the delinquent taxes of 1860. George II. Welch conveyed a moiety of the lands to defendant, Y. P. Battern, and the other moiety to Peter Snyder. All of these persons, as well as Mary Post, are made defendants in this action. The children of deceased who are plaintiffs are either infants or reached majority within one year prior to the commencement of this action.

Plaintiffs claim that the sale of the lands upon the judgment against Peter Welch was void, and no title passed thereunder, and that they are entitled to redeem from the tax sale upon which the deed by the county treasurer was executed to George H. Welch. They claim relief accordingly, which was granted by the decree of the District Court.

I. We are first required to consider the title of defendants, acquired by virtue of the sale and deed under the execution. 1. EXECUTION: death of judgment debtor: attachment. It will be observed that the execution issued three months or more after the death of Peter Welch, the defendant in the attachment suit. At common law an execution cannot be issued upon a judgment after the decease of the defendant therein, and sales of land and deeds made in pursuance thereof, upon executions so issued, are void. *Mitchell v. St. Maxent's Lessee*, 4 Wal., 237; *Erwin's Lessee v. Dundas*, 4 How., 76; *Hildreth v. Thompson*, 16 Mass., 192 (note); *Stymets v. Brooks*, 10 Wend., 211; *Woodcock v. Bennet*, 1 Cow., 738.

This rule has not been changed by statute in this State. Its existence is recognized by a provision in these words: " The death of a part only of the defendants shall not prevent execu-

tion being issued, which shall operate alone on the survivors and their property." Revision, § 3485; Code, § 3133.

Counsel for defendants insist that the rule is not applicable to the case of special executions issued. upon judgments in attachment proceedings, for the reason that the property is seized under the attachment and held in the custody of the law; that the execution is but a continuation of the process and proceedings upon which it is seized, and that, as at common law, when a levy is made during the life of the defendant a sale may be made thereon in case of his death, so, the attachment being the seizure of the property, the sale, in a like manner, may be made after the decease of the person against whom the writ issues. But this view omits the consideration of the fact that an attachment is not in fact a *seizure* of the real property upon which it is levied, so as to transfer its possession or custody; it operates simply to create a lien to which the judgment relates, and which is enforced by special execution. The argument is therefore based upon a mistaken assumption of fact as to the effect of an attachment, and must fall. The very point made by counsel was decided adversely to their view in *Mitchell v St. Maxent's Lessee, supra.* It is there held that an execution cannot issue in an attachment case after the death of the defendant, and a sale made upon a writ so issued was void. We conclude, therefore, that the District Court ruled correctly in holding that defendants acquired no title to the land by virtue of the execution sale and the sheriff's deed executed thereon.

II. We are next required to consider the points arising upon the branch of the case calling in question the tax sale and title

2. STATUTE: publication of: certificate of secretary of state. thereunder. The only objection made thereto comes from defendants, who insist that the decree is erroneous in holding that Amy L. Welch, the widow of Peter Welch, is entitled to a life estate as her dower instead of an estate in fee. Her estate being so held, the court allowed the heirs to redeem from the tax title to an extent that would cover their interest. Defendants insist that as the widow's estate is in fee and she rested under no disability, as did the

heirs, she has no right of redemption and the heirs cannot redeem for her.

: Peter Welch died May 4th, 1862. Prior to Chap. 151, Acts Ninth General Assembly (1862), the widow's dower was a life estate. By that act she received a fee simple estate. The act was approved April 8, 1862, and by the last section it is provided that it shall take effect from its publication in two newspapers. It is shown by the proper certificate of the Secretary of State that it was published in *one* of the newspapers named therein on the 18th day of April, 1862. It is not so shown, nor does it appear in any other manner, that it was published at any time in the .other newspaper. The question presented by these facts is this: Did the statute take effect upon the publication in *one* newspaper? We think not. It was competent for the General Assembly to provide in this way for the taking effect of the act. The provision cannot be dispensed with; neither can it be said that the publication in one paper is a compliance with a requirement to print the act in two. This position, we understand, is not disputed by counsel for defendants, but they insist that as we will presume officers perform their duty we will infer that the requirement for the publication of the law was obeyed. But Revision, § 24, provides that the certificate of the Secretary of State shall be conclusive evidence of the publication of the statute. Now, it cannot be claimed that in the absence of a certificate of the secretary publication will be presumed; the law provides that· the fact is to be shown by the evidence indicated. If we cannot presume that the law has been wholly obeyed, no presumption can be exercised that part obedience has been rendered. In other words we cannot, in the absence of a certificate, presume that publication was made in *two* newspapers; therefore we cannot, when the certificate shows publication in one of two, as required by the law, presume that the publication appeared in the other.

No other questions appear in the case that demand consideration. The judgment of the District Court is

AFFIRMED.