## BOYLE v. MARONEY ET AL.

1. **Former Adjudication:** DISCHARGE OF GARNISHEE: NO BAR TO ACTION TO REACH REAL ESTATE HELD IN FRAUD OF CREDITORS. The discharge of a garnishee on execution is no bar to a proceeding to subject to the payment of the judgment real estate conveyed by the debtor to the garnishee in fraud of creditors; because the proceeding by garnishment is not adapted to reach the title to the real estate so held by the garnishee, and consequently the right to subject it to the satisfaction of the judgment is not involved in the judgment discharging the garnishee.

2. **Garnishment:** DOES NOT REACH REAL ESTATE FRAUDULENTLY CONVEYED TO GARNISHEE. It was not the intention of the legislature that the real estate of a debtor which he has conveyed to another in fraud of creditors should be reached by the process of garnishment, nor that the one holding title to it should be charged as a garnishee with a money judgment for its value. (See statutes cited in opinion.)

3. **Fraudulent Conveyance:** EVIDENCE ESTABLISHING. The circumstances of the transaction in this case establish the conveyance in ques-

tion to have been made in fraud of creditors, notwithstanding the positive, but contradictory and unreasonable, testimony of the parties to the transaction to the contrary.

4. **Execution:** AGAINST PROPERTY OF DECEASED DEBTOR: SALE VOID. The right of a judgment creditor to issue an execution against the property of his debtor terminates with the death of the debtor; ( *Welch v. Battern*, 47 Iowa, 147;) and in the absence of any order or proceeding re-establishing his right, the sale of land thereunder, and the resulting deed, are void.

5. **Fraudulent Conveyance:** ACTION TO UNCOVER: THE DILIGENT CREDITOR PREFERRED. Where a junior judgment creditor first institutes proceedings to uncover the property which the debtor has fraudulently conveyed, he takes priority over the senior judgment creditor. ( *Bridgman v. McKissick*, 15 Iowa, 260, and *Howland v. Knox*, 59 *Id.*, 46, followed. )

6. **Judgment:** LIEN ON LAND: LIMITATION: JUNIOR LIEN ADVANCED. Since a judgment ceases to be a lien on land in ten years after its date, ( Code, § 2882,) it follows that another lien established on the land more than ten years after the date of the first judgment becomes the prior lien, and cuts off the right of the owner of the first judgment to have his lien revived as the first lien.

### *Appeal from Buchanan District Court.*

### FRIDAY, OCTOBER 21.

ACTION in equity to subject certain real estate to the satisfaction of two judgments obtained by plaintiff against the defendants, James and Mary E. Maroney. Judgment was entered by the circuit court in accordance with the prayer of the petition. The material facts are stated in the opinion. Defendants appeal.

*Lake & Harmon*, for appellants.

*C. E. Bronson* and *Charles E. Ransier*, for appellee.

REED, J.—On the 8th day of November, 1876, plaintiff recovered a judgment against James and Mary E. Maroney for $500, and one against James Maroney alone, for $1,600. These judgments were rendered in an action brought by plaintiff for the recovery of damages caused by the unlawful

sale of intoxicating liquors to her husband. The petition in the action was filed on the 10th day of February, 1876, and the original notice was served on James Maroney on the same day, and on Mary E. Maroney on the 2d of May following. On the 1st of March, 1876, the Maroneys conveyed the real estate in question to defendant Bridget Ryan. The title to the property at that time was in Mary E. Maroney. It had formerly been in James Maroney, but he had conveyed it, on the 4th of June, 1873, to Anthony McKerney, and Mary E. (who was his wife) joined in the conveyance. On the 16th of January, 1874, McKerney conveyed it to Mary E. Maroney, who, on the 17th day of April, 1875, conveyed it to Patrick McKerney, and he, on the 8th of June following, reconveyed it to Mrs. Maroney. On the 29th of October, 1874, a judgment was rendered in the district court in favor of the defendant Wallace Francis against James and Mary E. Maroney, for $1,150, and the property was sold on execution issued on that judgment, Francis being the purchaser, and he subsequently obtained a sheriff's deed therefor. The sale was on the 18th of November, 1882, and the deed to Francis was executed on the 20th of November, 1883. This suit was instituted on the 9th of April, 1877, but was not determined in the circuit court until December 6, 1886.

Mary E. Maroney died during the pendency of the action, and before the execution was issued on which the property was sold to Francis. After this suit was commenced, plaintiff caused execution to be issued on these judgments, on which the defendant Bridget Ryan was garnished. She appeared and answered, denying that she was in any manner indebted to either of the Maroneys, or that she had in her possession, or under her control, any moneys, property, rights or credits belonging to them. She was examined fully touching the conveyance of the property in question to her, and the consideration paid by her for it. But no pleading was filed controverting her answer, and the court entered an order discharging her as garnishee. The ground upon which relief is

demanded against her in this action is that the property in fact belonged to James Maroney, and the conveyances by which the title to it was vested in Mrs. Maroney, as well as that by which it was conveyed to her, were without consideration, and were all made for the fraudulent purpose of covering the property from his creditors. In addition to her denial of the allegations of fraud,she pleaded the garnishment proceedings in bar, alleging that the order of discharge was an adjudication of the questions involved.

Francis was made a party to the action by an amendment to the petition which was filed in January, 1885. That pleading alleged the rendition of the judgment in his favor, the sale of the property, and the execution of the sheriff's deed to him; also the death of Mrs. Maroney before the issuance of the execution, and that no order of court was made for the sale of her property in satisfaction of the judgment before the writ was issued; and the prayer was for the setting aside of the sheriff's deed, and for general relief. The decree of the circuit court adjudges that the deeds under which Mrs. Ryan holds the title to the property are fraudulent, directs their cancellation, and subjects the property to sale in satisfaction of plaintiff's judgments. It also sets aside the sheriff's sale and deed under which Francis claims, but restores the lien of his judgment upon the property.

I. As to the matter pleaded in bar by the defendant Ryan. The order of the court discharging her as garnishee is not an adjudication of the questions here involved. All that can be claimed for the order is that it determines that she was not indebted to the Maroneys, and that she did not have in her possession any property belonging to them, which could be reached by the process of garnishment. It is doubtful whether in any case real estate belonging to the debtor, the title to

1. FORMER ADJUDICATION: discharge of garnishee: no bar to action to reach real estate held in fraud of creditors.

which is in the garnishee, can be reached by that process.
The general rule is that it cannot. See Wade,
Attachment, § 407; Drake, Attachment, § 465.
Clearly this is so where the property has been
conveyed in fraud of the rights of the creditor.

2. GARNISHMENT: does not reach real estate fraudulently conveyed to garnishee.

The garnishee can be charged only in case it is shown that
he is indebted to the defendant, or that he holds property
belonging to him. (Code, § 2988.) But in that case the real
estate does not belong to the debtor. The fraudulent conveyance, although void as to the creditor, divests the grantor
of all interest in the property. The grantee is charged with
no trust with reference to it, and it can be reached in his
hands and subjected to the judgment of the creditor's claim
only in a proceeding in which the court can by proper judgment divest him of the title, and condemn the property to the
satisfaction of the judgment against the debtor. That cannot
ordinarily be done in a garnishment proceeding. The statute,
Code, § 2988, defines the extent of the power of the court in
the rendition of judgment against the garnishee. It may render judgment against him for the amount of his indebtedness
to the defendant, or the value of the property held by him.
But he has the right in every case to exonerate himself
before judgment, by paying the money to the sheriff, or by
placing the property at his disposal. (Section 2986.) He
could not do the latter as to real estate the title to which is
in him; for such property is at the disposal of the sheriff only
when the one holding the title is divested of it, and that can
be done only by conveyance, or the judgment of a competent
court. He clearly cannot convey the property to the sheriff,
and the provision is not capable of any interpretation under
which he could be required to reconvey it to the grantor. It
clearly was not the intent of the legislature that real estate so
held should be reached by that process, or that one holding
the title to it should be charged in the proceeding with a
money judgment for its value. The questions involved in

this proceeding, then, could not have been adjudicated in that. Nor was there any attempt to litigate them.

II. We do not deem it necessary to set out the evidence as to the fraudulent character of the transfers. It is sufficient to say that it clearly sustains the finding of the district court on that question. The property belonged originally to James Maroney. The conveyances by which the title became vested in his wife were all without consideration, and were made, as we are satisfied, for the purpose of covering it from the liabilities he was incurring in the unlawful business in which he was engaged. The conveyance to Mrs. Ryan was made soon after plaintiff's original suit was instituted, which was against both James Maroney and his wife. We are satisfied that it was without consideration, and was made for the purpose of covering the property from any judgment which might be obtained in that action. This conclusion is reached, it is true, against the positive testimony of both the Maroneys and Mrs. Ryan. But the circumstances of the transaction satisfy us that that was the real character of the transaction. Their stories are unreasonable, inconsistent with each other, and self-contradictory, and the ultimate conclusion which they seek to establish cannot be accepted.

III. We come now to the questions arising on the appeal of defendant Francis. It will be borne in mind that his judgment is against both James and Mary E. Maroney, and that the title to the land was in Mary E. when that judgment was rendered. It, therefore, as against her, became a lien upon the property regardless of the character of the conveyances under which she held it; and when the conveyance was made to Mrs. Ryan she took the property subject to that lien. It Francis had proceeded to sell it during the life-time of Mary E. Maroney, the purchaser would probably have taken it discharged of any right or equity in the plaintiff. For, as the judgment was a lien against her, he had no occasion to insti-

*(margin note beside paragraph II):* 3. FRAUDULENT CONVEYANCE: evidence establishing.

*(margin note beside paragraph III):* 4. EXECUTION: against property of deceased debtor: sale void.

tute any proceedings to subject it to his judgment as the property of James Maroney, but could have sold it as her property in satisfaction of the judgment.  If he had taken that course, plaintiff's only remedy would probably have been to ·redeem from the sale.  But he did not take that course.  He waited until after her death, and then issued his execution, and sold the property.  But his right to issue an execution against her property terminated at her death, ( *Welch v. Battern*, 47 Iowa, 147;) and, in the absence of any order or proceeding re-establishing his right, the sale and deed are ineffectual for the enforcement of any right which he held as against her.  So far as his lien as against her is concerned, then, his condition was not changed by the sale and deed.  But his right to enforce the judgment as against James Maroney continued.  But, treating the sale as a sale of the property of that defendant, it is as against plaintiff unavailing, for the reason that the title was not in him.  Regarding the sale, then, as having been made for the enforcement of the judgment against James Maroney, which is the only light in which it can be regarded, the case comes within the settled rule that when a junior judgment creditor first institutes proceedings to uncover the property which the debtor has fraudulently conveyed away, he takes priority over the senior.  *Bridgman v. McKissick*, 15 Iowa, 260; *Howland v. Knox*, 59 Id., 46.  The judgment setting aside the sheriff's sale and deed to Francis is therefore correct.

5. FRAUDU-
LENT CON-
VEYANCE: ac-
tion to uncov-
er: the dili-
gent creditor
preferred.

IV.  Plaintiff appealed from the provision of the judgment which re-establishes the lien of the Francis judgment against the property.  She does not object to the establishment of the lien as against the other defendants, but claims that it should be made subordinate to her lien.  And we think the claim must be allowed.  The lien of that judgment, by limitation of statute, terminated before the rendition of the judgment in this case, more than ten years having elapsed since its rendi-

6. JUDGMENT:
lien on land:
limitation:
junior lien ad-
vanced.

tion. As defendant had at that time taken no steps to preserve or revive his lien, it cannot now be revived as against plaintiff. The judgment will be modified in that respect. In all other respects it will be AFFIRMED.