Shirley P. POWELL, Appellee,

v.

Lois M. GREWING a/k/a Lois M. Carmichael, Appellant.

No. 96–31.

Supreme Court of Iowa.

April 23, 1997.

David R. Elkin of Baker & Elkin, Des Moines, for appellant.

Frank Murray Smith of Frank M. Smith Law Office, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and TERNUS, JJ.

NEUMAN, Justice.

This case reaches us on appeal from a judgment for forcible entry and detainer. Appellant Lois Grewing, who has been evicted from property quit claimed to her many years ago by her now-deceased husband, insists that the district court erred by not following the procedure of Iowa Code section 626.88 (1995) (relating to property owned by a decedent) or section 630.16 (proceedings auxiliary to an execution). Because we agree with the district court's conclusion that neither statute governs these proceedings, we affirm.

The facts are undisputed. Plaintiff Shirley Powell was once married to Don Carmichael. When they divorced in 1981, Shirley quit claimed her interest in Don's property—including a house located at 2204 East 39th Street in Des Moines—in exchange for a $20,000 judgment payable by Don no later than July 1, 1983.

Don never satisfied the judgment. In 1984, however, he conveyed his interest in the East 39th Street property to defendant Lois Grewing, who later became his wife. Don died in August 1992.

Following Don's death, Shirley commenced proceedings under Iowa Code chapter 626 to enforce her judgment by way of execution sale of the property then occupied by Lois. Although the record is silent on the point, we assume Lois received due notice of the proceedings because her counsel secured a court order identifying four separate parcels for sale with individual redemption rights. *See* Iowa Code § 626.84 (authorizing plan of division to limit sale to satisfaction of debt). Shirley tendered the only bid at the sheriff's sale. A year passed without redemption by Lois or any other creditor. *See id.* §§ 628.5 (redemption by lienholder), .13 (redemption by titleholder). Shirley thereafter acquired title by sheriff's deed. *See id.* § 626.98.

Lois continued to remain on the premises. So Shirley brought this forcible entry and detainer action. There is no dispute that Shirley complied with the notice requirements of chapter 648. *See id.* §§ 648.3 (notice to quit), .4 (notice to terminate). Lois nevertheless refused to vacate.

The matter proceeded to trial. Lois conceded the validity of Shirley's judgment lien against the property. She resisted eviction, however, on the ground Shirley's sheriff's deed was void and unenforceable. The question, as framed by Lois at trial and renewed on appeal, is this:

> Where property subject to a judgment lien has been conveyed to a third person by the judgment-debtor during his lifetime and the property is thereafter sold on execution issued after the death of the judgment-debtor, may the purchaser on execution maintain an action for forcible entry and detainer against the transferee in the absence of an action and decree divesting the transferee of her title pursuant to section 626.88 or 630.16 of the Code?

The district court rejected Lois's argument that section 626.88 or section 630.16 controls. It entered judgment in Shirley's favor for possession of the East 39th Street property. This appeal by Lois followed.

■ Because an action for forcible entry and detainer is triable in equity, our review is de novo. *Bernet v. Rogers,* 519 N.W.2d 808, 810 (Iowa 1994). We are obliged to consider both the facts and the law "and then determine—based on the credible evidence—

rights anew on those propositions properly presented." *Id.*

■ I. We turn first to section 626.88. The statute states:

**Real estate of deceased judgment debtor.**

When a judgment has been obtained against a decedent in the decedent's lifetime, the plaintiff may file a petition in the office of the clerk of the court where the judgment is rendered, against the executor, the heirs, and devisees of real estate, if such there be, setting forth the facts, and that there is real estate of the deceased, describing its location and extent, and praying the court to award execution against the same.

Iowa Code § 626.88. Lois relies on this statute because, in her words, its application "is essential to properly divest the decedent's successors of their title." Her argument rests on cases standing for the common-law rule that no execution may issue against the property of a deceased judgment debtor, and any deed obtained thereby is void. *See, e.g., Boyle v. Maroney,* 73 Iowa 70, 76, 35 N.W. 145, 147 (1887); *Welch v. Battern,* 47 Iowa 147, 148 (1877). The argument has no force here, however, because Lois did not acquire the property by devise. She acquired her interest by quit claim deed from Don long before his death. The property at issue formed no part of Don's estate. Thus section 626.88 simply has no application.

■ It is beyond dispute that Shirley's judgment against Don constituted a lien against all real estate owned by him, enforceable for a period of ten years following rendition of the judgment. Iowa Code § 624.23. His conveyance of the property to Lois by quit claim deed before his death did not defeat the lien.

The general statute providing for judgment liens has for its primary object the payment of judgment debts. It is a statutory security and the lien created thereby is a vested legal right. It can be lost only by the act or consent of its beneficiary. This security is evidenced by a lien running with the land, giving to the creditor the right to have the debtor's lands applied to the satisfaction of the judgment by execution and sale.

*Beatty v. Cook,* 192 Iowa 542, 544, 185 N.W. 360, 361 (1921); *see Boyle,* 73 Iowa at 75, 35 N.W. at 147. Because Lois took the property subject to Shirley's lien, Lois was entitled to redeem her interest following the sheriff's sale. *See* Iowa Code § 628.13 (redemption by titleholder made by payment to the clerk of amount shown on certificate of sale plus costs). The record reveals that Lois made no redemption. Thus the interest obtained by Shirley as grantee of the sheriff's deed is superior to Lois's, entitling Shirley to possession of the premises. Iowa Code § 648.1(4) (authorizing summary remedy for detention of real property after execution unless defendant proves paramount title). The district court was correct in so ruling.

■ II. Lois's reliance on section 630.16 is equally unavailing. The statute, entitled "Equitable proceedings," states:

At any time after the rendition of a judgment, an action by equitable proceedings may be brought to subject any property, money, rights, credits, or interest therein belonging to the defendant to the satisfaction of such judgment. In such action, persons indebted to the judgment debtor, *or holding any property or money in which such debtor has any interest,* or the evidences of securities for the same, may be made defendants.

Iowa Code § 630.16 (emphasis added). As noted by the district court, the section furnishes means auxiliary to execution by which a creditor may uncover property in which the debtor still holds an interest. *See Jensen v. Booth Motor Co.,* 234 Iowa 694, 695, 13 N.W.2d 681, 681–82 (1944) (describing purpose of creditor's bill). Again, the statute has no application to the case before us. Naming Lois Grewing as a defendant in an equitable action to uncover Don's property would have served no purpose here. Don's conveyance of the property to Lois was a matter of record. Don, now deceased, retained no interest in the property subject to discovery by way of a creditor's bill. *Cf. Boyle,* 73 Iowa at 76, 35 N.W. at 147 (where debtor engaged in fraudulent conveyances,

creditor's bill proper means to uncover true ownership).

No error appears in the district court's judgment granting Shirley Powell possession of the premises pursuant to her forcible entry and detainer action. Accordingly, we affirm.

**AFFIRMED.**