# IN THE COURT OF APPEALS OF IOWA

No. 15-0083
Filed September 28, 2016

**TRAVELERS INDEMNITY COMPANY,**
        Plaintiff-Appellant,

**vs.**

**D & L RESOURCES, L.L.C., HEARTLAND LEASE, INC., D.J. FRANZEN ENTERPRISES, LTD., and ICS LOGISTICS CORP.,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Polk County, Dennis J. Stovall, Judge.


        The plaintiff appeals from the district court's denial of its request to impose a constructive trust on assets of the defendants. **AFFIRMED.**


        CeCelia C. Ibson of Ibson Law Firm, Des Moines, for appellant.

        Jonathan N. Garner of Hartung & Schroeder, L.L.P., Des Moines, for appellee ICS Logistics Corp.

        Stanley J. Thompson of Davis, Brown, Koehn, Shors & Roberts, P.C., West Des Moines, for appellees D&L Resources, L.L.C., Heartland Lease, Inc. and D.J. Franzen Enterprises, Ltd.


        Heard by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Travelers Indemnity Company, judgment creditor of Franzen Inc., appeals from the district court's denial of its request to impose a constructive trust on the assets of the defendants, D & L Resources, L.L.C.; Heartland Lease, Inc.; DJ Franzen Enterprises, Ltd.; and ICS Logistics Corp. Travelers challenges the district court's ruling that it failed to establish its theory of constructive fraud involving D.J. Franzen, Inc., the judgment debtor, and the defendants named in this suit.[1]

**I. Background Facts and Proceedings.**

In 2003, Travelers issued a workers' compensation policy to D.J. Franzen, Inc. At the end of the policy period, Franzen Inc. disputed the scope of coverage for its drivers and the resulting amount of premium owed to Travelers. The issue was decided by our supreme court in October 2010. In *Travelers Indemnity Co. v. D.J. Franzen, Inc.*, 792 N.W.2d 242, 251 (Iowa 2010), the court ruled that Franzen Inc. owed Travelers $550,661 and remanded with instructions to enter judgment in favor of Travelers. The present case stems from Travelers' attempt to execute that judgment.

---

[1] As an alternative argument, Travelers maintains the evidence presented at trial supported the imposition of an equitable lien in the amount of the judgment owed to Travelers. Travelers concedes the district court never ruled on this issue but maintains it is preserved for our review. Although there are situations where the district court's decision "necessarily" considered and preserved an issue, *see Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012), here the district court explicitly stated that Travelers' motion to amend its petition to include the issue of an equitable lien was untimely. As such, we agree with the defendants that it is not preserved for our review. *See Bank of America, N.A. v. Schulte*, 843 N.W.2d 876, 883 (Iowa 2014) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal. To preserve error on even a properly raised issue on which the district court failed to rule, 'the party who raised the issue must file a motion requesting a ruling in order to preserve error on appeal.'" (citations omitted)).

The facts of this case are generally not in dispute. As Travelers stated in its brief, "The dispute between the parties centers on what the facts mean. In other words, not so much the 'who', 'what', or 'when' of each transaction, but the 'how' and why.'"

Denny Franzen started a trucking company as a sole proprietor in the 1980s. Denny[2] retained Denman & Co. as his accountant. Based on Denman's recommendation, the trucking operations were incorporated into D.J. Franzen, Inc. in 1987.

Denman later recommended that due to the liability inherent in the trucking industry, it would be best for Franzen Inc. to set up a parent corporation to whom annual earnings, if any, could be declared in the form of a dividend. Consequently, D.J. Franzen Enterprises, Ltd. was formed for this purpose in 1991. Franzen Enterprises was the sole shareholder of Franzen Inc. and Denny and Linda Franzen were the sole shareholders of Franzen Enterprises.

Additionally, Franzen Enterprises owned 100% of several other related Franzen trucking entities, namely, Heartland Lease, Inc. and Southeast Transportation Management Inc.

Throughout its operations, Franzen Inc. historically had negative net equity and, on a balance sheet basis, was insolvent. As Franzen Inc. needed operating revenue, Franzen Enterprises would make intercompany loans to Franzen Inc. Those intercompany loans were properly documented on federal tax returns filed during the relevant time periods. In fact, by January 1, 2003,

---

[2] Because of the number of entities with the name Franzen in the title, we refer to Denny Franzen as Denny throughout.

which was before Franzen Inc. had any contact with Travelers, Franzen Inc. owed intercompany debt to Franzen Enterprises in excess of $3.3 million. By 2011, the intercompany loans were in excess of $3.7 million.

In addition to making intercompany loans, in 1994 Franzen Inc. granted a blanket security interest in its assets to West Bank—its lender. Moreover, as tractors and trailers were acquired, separate finance companies would loan funds to Franzen Inc. to acquire those assets and in return, those companies would become secured creditors of Franzen Inc. for the particular equipment.

According to Denny's testimony, he formed an intent to retire from the day-to-day management of the trucking company sometime before the Supreme Court filed its ruling in favor of Traveler's in October 2010. Consequently, he began discussing the sale of his business to one of his long-term employees, Chris Van Schepen. Chris had started working in the trucking industry in approximately 1986, and he had been working for Franzen Inc. as the maintenance director since 1997.

Starting in 2010, Franzen Inc. began transitioning its trucking operations to ICS Logistics, Corp., a company formed by Chris to acquire the assets and operations of Franzen Inc. Chris testified the gradual acquisition allowed both parties to fully assess the viability of the anticipated transaction between them.

On October 18, 2011, the district court entered judgment on remand from the Supreme Court in the amount of $550,661 against Franzen Inc. and in favor of Travelers. In April 2012, Travelers sought execution on the judgment at Wells Fargo—a bank Franzen Inc. had never used. No other execution was ever

attempted by Travelers. Travelers did not initiate a judgment debtor examination on Franzen Inc. until September 19, 2012.

Meanwhile, in August 2011, Denny determined Franzen Inc. had assets worth $2,896,569. Denny and Chris discussed that figure as a purchase price for those assets. Chris sought an individual appraisal from a trucking expert. Subsequently, Denny and Chris agreed to $2.8 million as the purchase price, a value confirmed by the appraiser. Denny and Chris sought the assistance of both legal and tax professionals to structure the transaction. Denman provided tax guidance and attorney Dan Waters was retained to draft the legal documentation.

Recognizing that Denny was a sole proprietor who developed the initial customers and had the ability to retain those customers, multiple certified public accounts testified at trial that Denny could have owned 100% of the customer list. Regardless of this fact, due to tax considerations and at the advice of the tax professionals involved, one-third of the customer list was allocated to Franzen Enterprises and the other two-thirds were allocated to Denny.

Effective June 30, 2012, Franzen Inc. sold its assets, which consisted of tractors, trailers and other equipment, to Franzen Enterprises. Franzen Enterprises then sold the equipment to Logistics Corp. for $372,730 and one-third of the customer list for an additional $809,246. In return, Logistics Corp. issued promissory notes in those amounts to Franzen Enterprises. Franzen Enterprises then assigned the notes to Denny and Linda Franzen, the sole shareholders. Additionally, Denny sold his two-thirds of the customer list to

Logistics Corp. for an additional $1,618,492—Logistics Corp. issued him a promissory note in that amount.

The assets of Franzen Inc. were not sufficient to satisfy its debt on intercompany loans, so Franzen Inc. provided a secured note in the amount of $1,022,551 to Franzen Enterprises and a secured note in the amount of $1,932,510 to Heartland. Thereafter, Franzen Inc., Franzen Enterprises, Southeast Transportation, and Heartland were all dissolved.

The bill of sale from Franzen Inc. to Franzen Enterprises states, "Seller represents and warrants to Buyer that Seller has good and marketable title to said assets, free of any and all liens, claims, restrictions, and encumbrances. Buyer hereby consents to becoming the owner of said assets, and Buyer hereby assumes the debt associated with said assets . . . ." The other bills of sale include the same language.

All of the witnesses testifying on behalf of the defendants conceded that Travelers' judgment would or should have been considered a "claim" against the assets of Franzen Inc. Denny, Chris, and Attorney Waters all testified that they were aware of the Iowa Supreme Court's decision regarding the judgment around the time it was issued—October 2010. Denny admitted that no provision had been made for the satisfaction of the judgment; in fact, he testified he never had any intention of satisfying the judgment.

Following the advice of tax and legal professionals, Logistics Corp. was converted into a newly formed entity named ICS Logistics, LLC. Logistics LLC was organized on December 31, 2012. Counsel for the entity initially submitted the conversion documents for filing with the Iowa Secretary of State on May 3,

2013, via fax. The filings were returned by mail on May 6, 2013, due to lines on the page from the fax transmission. The conversion filings were resubmitted on May 17, 2013—three days after Travelers filed its petition in this case.

Chris testified that Logistics Corp and then its successor Logistics LLC have made timely payments of approximately $40,000 per month on the three promissory notes—for the equipment and phone list—since February 2013.

Denny testified that he and his wife transferred the promissory note they received from Logistics Corp. in exchange for their two-thirds of the customer list and their right to receive monthly payments thereon to Iowa Cold Storage.[3] In exchange, Denny and Linda received additional shares of stock in Iowa Cold Storage. Logistics Corp. and then Logistics LLC has made periodic payments on the note to Iowa Cold Storage.

Despite Denny's structured sale of the business to Chris, Denny continued to have an active role in the operation of the companies. According to the report prepared by the certified public accountant hired by the defendants for trial, neither Linda nor Denny Franzen had an ownership interest in ICS Logistics; "[t]hus it [was] an arms-length transaction."

Travelers brought suit to enforce its judgment against Franzen Inc. on a theory of constructive fraud. The district court ruled against Travelers' request for a constructive trust on the assets of the defendants. Travelers appeals.

---

[3] Denny was a minority shareholder in Iowa Cold Storage, a business with a cooperative history with Franzen Inc.

**II. Standard of Review.**

The case was tried to the district court in equity, so our review is de novo. Iowa R. App. P. 6.907; *see also Berger v. Cas' Feed Store, Inc.*, 577 N.W.2d 631, 632 (Iowa 1998) (stating the court's review of the trial court's decision to impose a constructive trust would be de novo).

**III. Discussion.**

Travelers maintains Franzen Inc. fraudulently conveyed its property and assets to the other named defendants in an attempt to escape the judgment entered against Franzen Inc.  Accordingly, Travelers brought this suit pursuant to Iowa Code section 630.16 (2013) in an attempt to execute the judgment entered against Franzen Inc. in October 2011.[4]

Iowa Code section 630.16 provides:

> At any time after the rendition of a judgment, an action by equitable proceedings may be brought to subject any property, money, rights, credits, or interest therein belonging to the defendant to the satisfaction of such judgment.  In such action, persons indebted to the judgment debtor, or holding any property or money in which such debtor has any interest, or the evidences of securities for the same, may be made defendants.

This section "furnishes means auxiliary to execution by which a creditor may uncover property in which the debtor still holds an interest." *Powell v. Grewing*,

---

[4] Travelers sought to amend its pleadings prior to trial, but the district court did not allow it do so.  Travelers did not appeal the district court's denial of its motion to amend. Moreover, the district court only ruled on Travelers' claims regarding section 630.16 and constructive fraud, and Travelers did not file any after-trial motions to correct any alleged errors regarding the scope of the trial court's rulings.  As such, we will not consider any of Travelers' arguments that are outside of that scope, as they are outside of our purview.

Specifically, other arguments Travelers makes include: whether it could establish the defendants committed actual fraud, whether the purchasers were good faith purchasers for value, whether it was able to establish the defendants were involved in collusion or a conspiracy, and whether an equitable lien was an appropriate remedy.

562 N.W.2d 761, 763 (Iowa 1997). It may be used as a means to uncover true ownership where a debtor engaged in fraudulent conveyances. *See id.* (citing *Boyle v. Maroney*, 35 N.W. 145, 147 (Iowa 1887)). In order to prove Franzen Inc. still holds an interest in the property, Travelers has the burden to establish that the transfer to the defendants was fraudulent. *See First Sec. Bank & Trust Co. v. King*, No. 05-2039, 2007 WL 248021, at *3 (Iowa Ct. App. Jan. 31, 2007).

Here, Travelers only pled the theory of constructive fraud. "We presume a transfer of property without consideration is fraudulent. In order to rebut this presumption of constructive fraud, the transferee must prove the transferor remained solvent after the transfer." *Benson v. Richardson*, 537 N.W.2d 748, 756 (Iowa 1995) (citation omitted). Travelers has the burden to establish the fraud by "clear and convincing evidence" and must "demonstrate the fraud has caused [it] prejudice." *See id.* It does not need to prove "actual dishonesty or intent" to establish a claim of constructive fraud. *See id.* at 757.

The district court ruled Travelers had not met its burden in establishing Franzen Inc. had engaged in a fraudulent transaction with the named defendants because Franzen Inc. did not transfer its property without consideration. Rather, Franzen Inc. transferred its assets to Franzen Enterprises, to which it owed more than $3 million. Those assets of Franzen Inc. were not sufficient to satisfy its debt on the intercompany loans. There is no dispute that Franzen Enterprises was a creditor of Franzen Inc. well before Travelers became a creditor and even before Travelers wrote the insurance policy underlying its claim against Franzen Inc. "A debtor may prefer one creditor over another by way of sale, mortgage, or the giving of security to others even if the debtor's intentions toward the

nonpreferred creditor are spiteful and the action will delay or prevent the nonpreferred creditor from obtaining judgment." *Id.*

Additionally, as the district court noted, although Franzen Inc. was insolvent and ultimately dissolved after it transferred its assets to Franzen Enterprises, Franzen Inc. was actually insolvent both in 2003 when Travelers wrote the policy and in 2011 when the judgment against it was entered. *See id.* ("Under Iowa law, an individual debtor is insolvent 'if the sum of the debtor's debts is greater than all of the debtor's assets at fair valuation.'" (citation omitted)).

After the transfer between Franzen Inc. and Franzen Enterprises, Franzen Enterprises sold the equipment to Logistics Corp. for $372,730 and one-third of the customer list for an additional $809,246. In return, Logistics Corp. issued promissory notes in those amounts to Franzen Enterprises. Additionally, Denny sold his two-thirds of the customer list to Logistics Corp. for an additional $1,618,492—Logistics Corp. issued him a promissory note in that amount. Chris testified that Logistics Corp and then its successor Logistics LLC[5] have made timely payments of approximately $40,000 per month on the three promissory notes since February 2013.

Travelers implies that the consideration for this transaction is a façade. First, we note the promissory notes themselves constitute consideration. *See Bjornsen Constr. Co. v. J.A. Whitmer & Sons*, 119 N.W.2d 801, 804 (Iowa 1963) ("The note itself imports a consideration."). Second, although Travelers implies

---

[5] Although Travelers implies this conversion was done in order to avoid or complicate this lawsuit, as the district court noted, Logistics Corp. originally filed the conversion documents before Travelers filed its petition.

the payments on the notes are not being made as Chris testified, Travelers has the burden to establish a fraudulent conveyance took place; insinuations and speculation regarding the consideration involved in the transaction are not enough to do that.[6]  Finally, the $2.8 million purchase price was confirmed as fair value by a trucking expert, and Travelers has not disputed that the amount was adequate.  *See Benson*, 537 N.W.2d at 754 (considering inadequacy of consideration as an "indicia of fraud").

Travelers has not established that Franzen Enterprises' conveyance to Logistics Corp. was without valuable consideration; it has not met its burden to establish constructive fraud between the two entities.  As such, we affirm the district court's denial of Travelers' request to impose a constructive trust on the assets of the named defendants.

**IV. Conclusion.**

Because Travelers has not met its burden to establish its theory of constructive fraud involving D.J. Franzen, Inc and the named defendants, we affirm.

**AFFIRMED.**

---

[6] In its brief, Travelers states:

> Franzen, Inc. transferred all its assets to ICS Corp.  ICS Corp. is a product of the ingenuity of Denny Franzen.  While the company may be in Chris Van Schepen's name, it is nothing more than a reincarnation of D.J. Franzen, Inc.  Virtually all the drivers are former Franzen drivers.  All the clerical, office, managerial and other employees came directly from Franzen.  The trucks came from Franzen, Inc.'s affiliate, Heartland Lease.  Indeed, Chris Van Schepen testified at trial that his trucks still pull trailers bearing the "D.J. Franzen" logo emblazoned on the sides.
>
> Chris Van Schepen, who never made more than $68,000 a year during his many years with the Franzen companies, paid nearly $3 million for this widely-recognized concern.  No money down, and monthly payments in the tens of thousands of dollars, which he pays when due and without difficulty.